# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, | ) | Case No. 22-02890 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-3840356 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO HOLDING LLC, | ) | Case No. 22-02893 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-1267302 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO INTERMEDIATE LLC, | ) | Case No. 22-02892 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 56-2443760 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO LLC, | ) | Case No. 22-02891 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-3840450 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| AEARO MEXICO HOLDING CORP., | ) Case No. 22-02894 - [●] - 11 ) |
| Debtor. | ) ) |
| Tax I.D. No. 26-0727044 | ) |
| In re: | ) Chapter 11 ) |
| CABOT SAFETY INTERMEDIATE LLC, | ) Case No. 22-02895 - [●] - 11 ) |
| Debtor. | ) ) |
| Tax I.D. No. 13-3840449 | ) |
| In re: | ) Chapter 11 ) |
| 3M OCCUPATIONAL SAFETY LLC, | ) Case No. 22-02896 - [●] - 11 ) |
| Debtor. | ) ) |
| Tax I.D. No. 11-3838764 | ) |

**DEBTORS' FIRST DAY MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>"):[1]

**<u>Relief Requested</u>**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>") (a) directing procedural, not substantive, consolidation and joint administration of these chapter 11 cases and (b) granting related relief. The Debtors request that

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") filed contemporaneously with this Motion and incorporated by reference herein. Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

one file and one docket be maintained for all jointly administered cases under the case of Aearo Technologies LLC and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) Case No. 22-02890 - [●] - 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, filed contemporaneously herewith. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

2.  The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.  Finally, the Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Aearo Technologies LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule B-1015-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of Indiana directing joint administration for procedural purposes only of the chapter 11 cases of: Aearo Technologies LLC, Case No. 22-02890-[●]-11; Aearo Holding LLC, Case No. 22-02893-[●]-11; Aearo Intermediate LLC, Case No. 22-02892-[●]-11; Aearo LLC, Case No. 22-02891-[●]-11; Aearo Mexico Holding Corp., Case No. 22-02894-[●]-11; Cabot Safety Intermediate LLC, Case No. 22-02895-[●]-11; and 3M Occupational Safety LLC, Case No. 22-02896-[●]-11. The docket in Case No. 22-02890-[●]-11 should be consulted for all matters affecting these cases.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules B-1015-1(b) and B-9013-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

**Background**

7. Under the brand name Aearo Technologies, the Debtors manufacture and sell custom noise, vibration, thermal, and shock protection solutions, primarily serving the aerospace, commercial vehicle, heavy equipment, and electronics industries. The Debtors have 330 employees and generated approximately $108 million in direct sales in 2021. The Debtors are headquartered in Indianapolis, Indiana, where they have been based for over 40 years and where they maintain their main operating facility. In 2008, the Debtors were acquired by non-Debtor 3M Company ("3M," and together with its non-Debtor affiliates, the "Non-Debtor Affiliates"),[2]

---

[2] Non-Debtor 3M and its other Non-Debtor Affiliates are not debtors in these chapter 11 cases.

4

through its Safety and Industrial Business Group, in a stock purchase. The Debtors are wholly-owned subsidiaries of non-Debtor 3M.

8. In recent years, the Debtors have been the subject of a flood of tort litigation primarily arising from the sale of noise-reduction earplugs, known as "Dual-Ended Combat Arms — Version 2" earplugs (the "Combat Arms Earplugs"). Five of the Debtors and non-Debtor 3M are the named defendants in the largest multidistrict litigation ("MDL") in history, in which approximately 230,000 unvetted claims are pending against the Debtors in the Northern District of Florida. The MDL surpasses most of its predecessor and contemporary MDLs by orders of magnitude. The claims, which are centralized for pretrial proceedings, allege hearing loss and other personal injuries arising from the Combat Arms Earplugs, which were developed by the Debtors more than 20 years ago. A detailed description of the facts and circumstances surrounding the Debtors' litigation is set forth in the Informational Brief[3] filed contemporaneously with this Motion and incorporated by reference herein.

9. Through these chapter 11 cases, the Debtors seek to achieve a fair and efficient resolution to the litigation, reduce uncertainty, and increase clarity for all stakeholders, while reducing the cost and time that could otherwise be required to litigate thousands of cases. To ensure that they can achieve these goals, on July 25, 2022, the Debtors entered into a funding and indemnification agreement under which non-Debtor 3M has agreed to fully fund these chapter 11 cases and to contribute $1 billion to a trust to ensure claimants determined to be entitled to compensation receive payment (the "Funding Agreement"). If necessary to achieve a resolution, non-Debtor 3M has committed to provide additional funding. Non-Debtor 3M's agreement to provide the Debtors with funding for tort claims will ensure fair compensation is available to

---

[3] *See Informational Brief of Aearo Technologies LLC* (the "Informational Brief").

5

claimants who are determined to be entitled to compensation based on an equitable and efficient estimation of liabilities, unconstrained by the Debtors' own ability to pay.

10. On July 26, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances giving rise to the Debtors' chapter 11 cases and in support of this Motion is set forth in the First Day Declaration. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The seven Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Further, Local Rule B-1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases and guidance for the administration of the cases subject to such an order:

> "[A] pleading or document filed in a jointly administered case after the entry of the order for joint administration shall be docketed under the case number of the Lead Case."

Local Bankr. R. B-1015-1(b)(3).

13. Joint administration is generally non-controversial, and courts in this jurisdiction and other jurisdictions routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Marine Builders, Inc.*, No. 19-90632-BHL-11 (Bankr. S.D. Ind. May 9, 2019) (directing joint administration of chapter 11 cases); *In re Scotty's Holdings, LLC*, No.

6

18-09243-JJG-11 (Bankr. S.D. Ind. Dec. 17, 2018) (same); *In re Littler Diecast, a Brahm Corporation*, No. 18-00978-RLM-11 (Bankr. S.D. Ind. Feb. 27, 2018) (same); *In re hhgregg, Inc.*, No. 17-01302-RLM-11 (Bankr. S.D. Ind. Mar. 13, 2017) (same); *In re EPH Assistance Corp.*, No. 13-06952-RLM-11 (Bankr. S.D. Ind. July 3, 2013) (same).

14. Given the integrated nature of the Debtors' restructuring efforts, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for Region 10 and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only procedural, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Consultation With the United States Trustee and the Clerk of the Court's Office

16. Debtors' counsel provided notice of the filing of the chapter 11 cases to the Clerk of the Court and the Chief Judge's Courtroom Deputy on July 21, 2022. The Debtors' counsel discussed this Motion, and the relief requested herein, with the United States Trustee for Region 10 on July 22, 2022.

**Notice**

17. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for Region 10, Attn: Ronald Moore; (b) the Top Counsel List;[4] (c) counsel for non-Debtor 3M; (d) the United States Attorney's Office for the Southern District of Indiana; (e) the Internal Revenue Service; (f) the office of the attorneys general for the states in which the Debtors operate or face Tort Claims;[5] (g) the United States Department of Veterans Affairs; (h) the United States Department of Defense; (i) the Securities and Exchange Commission; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule B-9013-3(d). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

18. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

---

[4] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File One List of the Top Law Firms Representing the Largest Numbers of Tort Plaintiffs Asserting Claims Against the Debtors, (II) Authorizing the Listing of Addresses of Counsel for Tort Claimants in the Creditor Matrix in Lieu of Claimants' Addresses, (III) Authorizing the Debtors to Redact Personally Identifiable Information, (IV) Approving Certain Notice Procedures for Tort Claimants, (V) Approving the Form and Manner of Notice of the Commencement of these Chapter 11 Cases, and (VI) Granting Related Relief* (the "Creditor Matrix Motion"), filed contemporaneously herewith.

[5] As defined in the Creditor Matrix Motion.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Indianapolis, Indiana
Dated:  July 26, 2022

*/s/ Jeffrey A. Hokanson*

| | |
|---|---|
| **ICE MILLER LLP** | **KIRKLAND & ELLIS LLP** |
| Jeffrey A. Hokanson (Ind. Atty. No. 14579-49) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| John C. Cannizzaro (Ohio Atty. No. 85161) | Edward O. Sassower, P.C. (*pro hac vice* pending) |
| Connor Skelly (Ind. Atty. No. 35365-06) (*pro hac vice* pending) | Emily Geier (*pro hac vice* pending) |
| One American Square, Suite 2900 | 601 Lexington Avenue |
| Indianapolis, IN 46282-0200 | New York, New York 10022 |
| Telephone:  (317) 236-2100 | Telephone:  (212) 446-4800 |
| Facsimile:  (317) 236-2219 | Facsimile:  (212) 446-4900 |
| Email:  Jeff.Hokanson@icemiller.com | Email:  edward.sassower@kirkland.com |
|   John.Cannizzaro@icemiller.com |   emily.geier@kirkland.com |
|   Connor.Skelly@icemiller.com | |
| | - and - |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Chad J. Husnick, P.C. (*pro hac vice* pending) |
| | Spencer A. Winters (*pro hac vice* pending) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |
| | Email:  chad.husnick@kirkland.com |
| |   spencer.winters@kirkland.com |
| | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |