## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, | ) | Case No. 22-02890 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-3840356 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO HOLDING LLC, | ) | Case No. 22-02893 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-1267302 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO INTERMEDIATE LLC, | ) | Case No. 22-02892 - [●] - 11 |
| | ) | |
| Debtor. | ) | |

| | ) | |
|---|---|---|
| Tax I.D. No. 56-2443760 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO LLC, | ) | Case No. 22-02891 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-3840450 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO MEXICO HOLDING CORP., | ) | Case No. 22-02894 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0727044 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CABOT SAFETY INTERMEDIATE LLC, | ) | Case No. 22-02895 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-3840449 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 3M OCCUPATIONAL SAFETY LLC, | ) | Case No. 22-02896 - [●] - 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3838764 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-02890 - [●] - 11.

3.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890 - [●] - 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, filed contemporaneously herewith.  The location of the Debtors' service address for the purposes of these chapter 11 cases is:  7911 Zionsville Road, Indianapolis, Indiana 46268.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Aearo Technologies LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule B-1015-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of Indiana directing joint administration for procedural purposes only of the chapter 11 cases of:  Aearo Technologies LLC, Case No. 22-02890-[●]-11; Aearo Holding LLC, Case No. 22-02893-[●]-11; Aearo Intermediate LLC, Case No. 22-02892-[●]-11; Aearo LLC, Case No. 22-02891-[●]-11; Aearo Mexico Holding Corp., Case No. 22-02894-[●]-11; Cabot Safety Intermediate LLC, Case No. 22-02895-[●]-11; and 3M Occupational Safety LLC, Case No. 22-02896-[●]-11.  The docket in Case No. 22-02890-[●]-11 should be consulted for all matters affecting these cases.

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division, shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, the Debtors, or the Debtors' estates, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###