IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) )  Case No. 22-02890-JJG-11 |
| Debtors. | ) )  (Jointly Administered) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS' FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, COMPENSATION, AND BENEFIT OBLIGATIONS AND (B) CONTINUE EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF (THE "<u>WAGES MOTION</u>")**

In support of her Limited Objection (the "Objection") to the Debtors' First Day Motion for Entry Of Interim and Final Orders (i) Authorizing The Debtors to (A) Pay Prepetition Wages, Compensation, and Benefit Obligations and (B) Continue Employee Compensation and Benefits Programs, and (ii) Granting Related Relief (the "<u>Wages Motion</u>") Nancy J. Gargula, the United States Trustee for Region 10 (the "U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

---

[1] The debtors in these cases are Aearo Technologies LLC, In re Aearo Holding LLC, In re Aearo Intermediate LLC, Aearo LLC, Aearo Mexico Holding Corporation, In re Cabot Safety Intermediate LLC, 3M Occupational Safety LLC. The debtors have requested that the cases be jointly administered. See Docket in cases 22-02890-JJG-11, 22-02891-JJG-11, 22-02892-JJG-11, 22-02893-JJG-11, 22-02894-JJG-11, 22-02895-JJG-11, and 22-02896-JJG-11. The caption to the U.S. Trustee's Objection is the caption proposed by debtors.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4. On July 26, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code.

5. An official committee of creditors has not yet been appointed in these cases.

6. The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Concurrently with the Wages Motion, the Debtors have filed certain other motions and applications also seeking certain "first day" relief on an emergent basis, including multiple other motions seeking authority to pay pre-petition obligations at the outset of these cases.

8. The Debtors have also filed the Declaration of John R. Castellano in Support of Debtors' Chapter 11 Petitions and Requests for First Day Motions (the "Castellano's Declaration") (Docket No. 11).

## ARGUMENT

### The Debtors Propose to Pay an Unknown Number of Employees' Wages in Excess of the Priority Amount Set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5)

9. Section 507[2] of the Bankruptcy Code provides priority status for various expenses and claims, including wage claims outlined in (a)(4) and (a)(5) of Section 507.

10. Section 507(a)(4) gives priority to wages and states,

> Fourth, allowed unsecured claims, but only to the extent of $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

---

[2] All Section references are to the Title 11 of the United States Code unless otherwise indicated.

3

11. Section 507(a)(5) gives priority to contributions to employee benefit plans and states,

> Fifth, allowed unsecured claims for contributions to an employee benefit plan—
>
> (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
>
> (B) for each such plan, to the extent of—
>
> > (i) the number of employees covered by each such plan multiplied by $15,150; less
> >
> > (ii) the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

12. The Debtors indicate that "as of the Petition Date, the Debtors believe that they do not owe Wage Obligations in excess of the statutory cap of $15,150 set forth in Sections 507(a)(4) and (a)(5) of the Bankruptcy Code to any Employees." See Wages Motion ¶ 16.

13. However, the Debtors later indicate that as a result of the Target Bonus Obligations[3] the amounts paid to Employees may exceed the statutory cap set forth in Sections 507(a)(4) and (a)(5). See Wages Motion ¶ 26.

---

[3] Capitalized terms not otherwise defined in this Objection have the meaning ascribed in the Debtors' Wages Motion.

14. The U.S. Trustee has requested further information about those Employees that the Debtors are seeking to make payments to that exceed the statutory cap set forth in Section 507 and to date has not received that information.

15. As a result, the U.S. Trustee objects to any payment made to any Employees that exceeds the statutory caps set forth in Sections 507(a)(4) and (5).

## CONCLUSION

For the reasons set forth herein, the U.S. Trustee requests that the Court limit the relief granted in the Wages Motion to only allow for payments of pre-petition wages and benefits to Employees that do not exceed the statutory cap set forth in Sections 507(a)(4) and (5). The U.S. Trustee reserves the right to submit additional objections as additional facts regarding the Wages Motion become known to the U.S. Trustee.

Date: July 26, 2022

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

By: /s/ Harrison E. Strauss
Harrison E. Strauss
Trial Attorney
Office of the United States Trustee
46 East Ohio Street, Room 520
Indianapolis, IN 46204
O: (317) 226-6101
D: (317) 226-5705
F: (317) 226-6356
Harrison.Strauss@usdoj.gov

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 26, 2022, a copy of the foregoing *Objection* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Michael Andolina mandolina@whitecase.com, jdisanti@whitecase.com,mco@whitecase.com

Laura Elizabeth Baccash laura.baccash@whitecase.com

Kayla D. Britton kayla.britton@faegredrinker.com, noticeFRindy@faegrebd.com

Jeffrey A Hokanson jeff.hokanson@icemiller.com, bgnotices@icemiller.com,david.young@icemiller.com

Jay Jaffe jay.jaffe@faegredrinker.com, noticeFRindy@faegrebd.com

Jessica Lauria jessica.lauria@whitecase.com, jdisanti@whitecase.com;mco@whitecase.com

Matthew Evan Linder mlinder@whitecase.com

Elizabeth Marie Little elizabeth.little@faegredrinker.com, noticeFRindy@faegredrinker.com;anita.sery@faegredrinker.com;docketgeneral@faegredrinker.com

Harmony A Mappes harmony.mappes@faegredrinker.com, kristina.tinsley@faegrebd.com

Robert J Pfister rpfister@ktbslaw.com

Nir Maoz nmaoz@ktbslaw.com

Sasha M. Gurvitz sgurvitz@ktbslaw.com

Thomas E Patterson tpatterson@ktbslaw.com

David Horowitz dhorowitz@kirkland.com

McClain Thompson mcclain.thompson@kirkland.com

Edward Sassower esassower@kirkland.com

Derek Hunter derek.hunter@kirkland.com

Spencer Winters spencer.winters@kirkland.com

Ashley Keller ack@kellerpostman.com

Emily Geier emily.geier@kirkland.com

Chad Husnick chusnick@kirkland.com

     I further certify that on July 26, 2022, a copy of the foregoing *Objection* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

     None

/s/ Harrison E. Strauss  
Harrison E. Strauss  
Trial Attorney
