IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) Case No. 22-02890-JJG-11 <br> ) |
| Debtors. | ) (Jointly Administered) <br> ) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE ONE LIST OF THE TOP LAW FIRMS REPRESENTING THE LARGEST NUMBERS OF TORT PLAINTIFFS ASSERTING CLAIMS AGAINST THE DEBTORS, (II) AUTHORIZING THE DEBTORS TO FILE ONE CONSOLIDATED CREDITOR MATRIX, (III) AUTHORIZING THE LISTING OF ADDRESSES OF COUNSEL FOR TORT CLAIMANTS IN THE CREDITOR MATRIX IN LIEU OF CLAIMANTS' ADDRESSES, (IV) AUTHORIZING THE DEBTORS TO REDACT PERSONALLY IDENTIFIABLE INFORMATION, (V) APPROVING CERTAIN NOTICE PROCEDURES FOR TORT CLAIMANTS, (VI) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMMENCEMENT OF THESE CHAPTER 11 CASES, AND (VII) GRANTING RELATED RELIEF (THE "MATRIX MOTION", DOCKET NO. 17)**

In support of her Limited Objection (the "Objection") to the Debtors' Motion for Entry of an Order (i) Authorizing the Debtors to File One List of the Top Law Firms Representing the Largest Numbers of Tort Plaintiffs Asserting Claims Against the Debtors, (ii) Authorizing the Debtors to File One Consolidated Creditor Matrix, (iii) Authorizing the Listing of Addresses of Counsel for Tort Claimants in the Creditor Matrix in Lieu of Claimants'

---

[1] The debtors in these cases are Aearo Technologies LLC, In re Aearo Holding LLC, In re Aearo Intermediate LLC, Aearo LLC, Aearo Mexico Holding Corporation, In re Cabot Safety Intermediate LLC, 3M Occupational Safety LLC. The debtors have requested that the cases be jointly administered. See Docket in cases 22-02890-JJG-11, 22-02891-JJG-11, 22-02892-JJG-11, 22-02893-JJG-11, 22-02894-JJG-11, 22-02895-JJG-11, and 22-02896-JJG-11. The caption to the U.S. Trustee's Objection is the caption proposed by debtors.

Addresses, (iv) Authorizing the Debtors to Redact Personally Identifiable Information, (v) Approving Certain Notice Procedures for Tort Claimants, (vi) Approving the Form and Manner of Notice of the Commencement of These Chapter 11 Cases, and (vii) Granting Related Relief (the "Matrix Motion", Docket No. 17). Nancy J. Gargula, the United States Trustee for Region 10 (the "U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

### BACKGROUND

4. On July 26, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code.

5. An official committee of creditors has not yet been appointed in these cases.

2

6. The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Concurrently with the Wages Motion, the Debtors have filed certain other motions and applications also seeking certain "first day" relief on an emergent basis, including multiple other motions seeking authority to pay pre-petition obligations at the outset of these cases.

8. The Debtors have also filed the Declaration of John R. Castellano in Support of Debtors' Chapter 11 Petitions and Requests for First Day Motions (the "Castellano's Declaration") (Docket No. 11).

## ARGUMENT

### The Debtors Seek to Replace the Largest Unsecured Creditor List with a List of Law Firms Representing the Greatest Number of Tort Claimants

9. Bankruptcy Rule 1007(d) requires that "a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the twenty largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form." Bankruptcy Rule 1007(d). Additionally, Local Rule B-1007-1(a)(3) requires listing creditors alphabetically, "including the full mailing address and zip code for each listed creditor, or include a statement that the address is unknown." In lieu of the required information, the Debtors seek the Court's permission to create a Top Counsel List.[2]

---

[2] Capitalized terms not defined herein have the same meaning ascribed to them in the Notice Motion and/or Castellano's Declaration.

3

10. The Top Counsel List will consist of counsel that represent the largest number of Tort Claimants. Matrix Motion ¶ 9. As the Debtors discuss, the Top Counsel List may assist the U.S. Trustee in the creation of a Tort Claimant's Committee pursuant to 11 U.S.C. § 1102. *Id.* However, the U.S. Trustee needs additional information in order to form a committee or committees that will meet the requirements of § 1102, particularly in light of the potentially disparate legal and economic interests of holders of Trade Claims, Combat Arms Claims and Respirator Claims.

11. In order to contact Trade Creditors, claimants with Combat Arms Claims, and claimants with Respirator Claims, the U.S. Trustee requests that the Court require three separate Rule 1007(d) lists. First, one consisting of a Top Counsel List for Combat Arms Claims' counsel, the second consisting of a Top Counsel List for Respirator Claims' counsel, and the third consisting of the Trade Creditors with the twenty largest claims. This request is more imperative because the Debtors have not filed their Schedules with their Petitions. Debtors have requested an extension of time to file their Schedules until late August. As a result, the U.S. Trustee does not have the information needed to contact creditors to determine the necessity of the appointment of one or more committees under section 1102.

## CONCLUSION

For the reasons set forth herein, the U.S. Trustee requests that the Court grant the Matrix Motion except that the Court require the Debtors to file three separate Rule 1007(d) top twenty lists consisting of: (1) a Top Counsel List for law firms representing claimants with Combat Arms Claims; (2) a Top Counsel List for law firms representing claimants with Respirator Claims; and, (3) a list of the largest Trade Creditors.

Date: July 26, 2022                                         Respectfully submitted,

                                                            NANCY J. GARGULA
                                                            United States Trustee

                                               By:    /s/ Harrison E. Strauss
                                                      Harrison E. Strauss
                                                      Trial Attorney
                                                      Office of the United States Trustee
                                                      46 East Ohio Street, Room 520
                                                      Indianapolis, IN 46204
                                                      O: (317) 226-6101
                                                      D: (317) 226-5705
                                                      F: (317) 226-6356
                                                      Harrison.Strauss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2022, a copy of the foregoing *Objection* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Michael Andolina mandolina@whitecase.com, jdisanti@whitecase.com,mco@whitecase.com

Laura Elizabeth Baccash laura.baccash@whitecase.com

Kayla D. Britton kayla.britton@faegredrinker.com, noticeFRindy@faegrebd.com

Jeffrey A Hokanson jeff.hokanson@icemiller.com, bgnotices@icemiller.com,david.young@icemiller.com

Jay Jaffe jay.jaffe@faegredrinker.com, noticeFRindy@faegrebd.com

Jessica Lauria jessica.lauria@whitecase.com, jdisanti@whitecase.com;mco@whitecase.com

Matthew Evan Linder mlinder@whitecase.com

Elizabeth Marie Little elizabeth.little@faegredrinker.com, noticeFRindy@faegredrinker.com;anita.sery@faegredrinker.com;docketgeneral@faegredrinker.com

Harmony A Mappes harmony.mappes@faegredrinker.com, kristina.tinsley@faegrebd.com

Robert J Pfister rpfister@ktbslaw.com

Nir Maoz nmaoz@ktbslaw.com

Sasha M. Gurvitz sgurvitz@ktbslaw.com

Thomas E Patterson tpatterson@ktbslaw.com

David Horowitz dhorowitz@kirkland.com

McClain Thompson mcclain.thompson@kirkland.com

Edward Sassower esassower@kirkland.com

Derek Hunter derek.hunter@kirkland.com

Spencer Winters spencer.winters@kirkland.com

Ashley Keller ack@kellerpostman.com

Emily Geier emily.geier@kirkland.com

Chad Husnick chusnick@kirkland.com

I further certify that on July 26, 2022, a copy of the foregoing *Objection* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

None

/s/ Harrison E. Strauss
Harrison E. Strauss
Trial Attorney