SO ORDERED: July 29, 2022.

_Jeffrey J. Graham_
Jeffrey J. Graham
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) ) ) | Case No. 22-02890-JJG-11 |
| Debtors. | ) ) ) | (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF
CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, filed on July 26, 2022 [Docket No. 7]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"):  (a) authorizing, but not directing, the Debtors to negotiate, remit, and pay (or use tax credits to offset, as applicable) the Taxes and Fees, including those obligations subsequently arising as a result of Audits; and (b) granting related relief; and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on an interim basis as set forth in this Interim Order.

2.     The final hearing (the "Final Hearing") on the Motion shall be held before the Honorable Chief Judge Jeffrey J. Graham on **August 18, 2022 at 9:00 a.m. (prevailing Eastern**

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**Time)**, at the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division, 46 East Ohio Street, Indianapolis, IN 46204, in Courtroom 311. **NOTE: ALL PERSONS ATTENDING THE HEARING IN PERSON MUST WEAR A MASK AT ALL TIMES UNLESS ADDRESSING THE COURT OR AS OTHERWISE PERMITTED BY CHIEF JUDGE GRAHAM.**

3. Parties may participate in the Hearing via Zoom, using the following link: **https://www.zoomgov.com/j/16023126397**. Parties that wish to listen, but not actively participate, may do so by phone: Phone: 551-285-1373 or 646-828-7666; Meeting ID: 160 2312 6397

4. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. prevailing Eastern Time on August 15, 2022, and served on the Notice Parties. Objections may be filed electronically at www.insb.uscourts.gov, or delivered, in writing, to the Clerk of the Bankruptcy Court, 36 E. Ohio Street, Room 116, Indianapolis, IN 46204.

5. The Debtors are authorized, but not directed, to: (a) negotiate, remit, and pay (or use tax credits to offset, as applicable) or otherwise satisfy the Taxes and Fees (including corresponding Assessments), including those obligations subsequently arising as a result of Audits, that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable; and (b) negotiate, remit, and pay (or use tax credits to offset, as applicable) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments, in each case, solely to the extent that such Taxes and Fees

become payable in accordance with applicable law; *provided*, notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount is not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

6. For the avoidance of doubt, the Debtors shall not pay the Non-Debtor Affiliates on account of prepetition claims related to the Taxes and Fees.

7. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

10. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any

foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

5

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

###