**SO ORDERED: July 29, 2022.**



_____
Jeffrey J. Graham
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT,
AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) authorizing the Debtors to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

establish certain notice, case management, and administrative procedures and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Case Management Procedures attached as **Exhibit 1** hereto are hereby approved and shall govern all applicable aspects of the chapter 11 cases and any adversary proceedings commenced therein, including, among other things, establishing the following deadlines:

        a.    *Objections*. Unless otherwise ordered by the Court, objections to matters scheduled to be heard at an Omnibus Hearing shall be filed no later than seven calendar days before the applicable hearing date if the filing is served at least twenty-one calendar days prior to the applicable hearing date, and

    replies to such objections shall be filed at least three calendar days prior to the applicable hearing date.  Objections to matters scheduled to be heard at an Omnibus Hearing shall be filed three calendar days before the applicable hearing date if the filing is served less than twenty-one calendar days but at least fourteen calendar days prior to the applicable hearing date, and replies to such objections shall be filed at least one calendar day prior to the applicable hearing date; *provided*, *however*, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe, after consulting with such other party, that the hearing on the particular matter could exceed one hour and such other party does not object to such scheduling.

  b. ***Agendas***.  The Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing no later than the date that is one calendar day prior to each Omnibus Hearing.

2. The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules shall apply to these chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

3. Nothing herein or in the Case Management Procedures shall affect the Debtors' obligations to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) a proposed sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code by motion filed with the Court, (c) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and the confirmation of a chapter 11 plan (which includes any sale of assets), or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

4. Nothing herein shall affect the rights of any statutory committee appointed in these chapter 11 cases to request modifications to this Order or the Case Management Procedures.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

###

**<u>Exhibit 1</u>**

**Case Management Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

These notice, case management, and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Southern District of Indiana (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* entered on [●], 2022.

Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules") shall govern all matters in the chapter 11 cases, except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THESE CHAPTER 11 CASES.**

**I.    Access to Documents.**

1.    Kroll, the Debtors' proposed notice and claims agent, maintains a case-specific website at https://restructuring.ra.kroll.com/aearotechnologies (the "Case Website"), where, among other things, electronic copies of all documents filed in the chapter 11 cases shall be posted as soon as practicable, but not later than three business days after filing and may be viewed free of charge. Additionally, electronic copies of all pleadings and documents are available for a fee via PACER at http://www.pacer.gov.

**II.    Master Service List and Electronic Mail Service.**

2.    ***Procedures Established for Notices***.   All (a) notices, motions, applications, and other requests for relief; (b) briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"); and (c) all objections and responses to such Requests for Relief (collectively, the "Objections," and, together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

3.    ***Definition of Entities Entitled to Service***.   All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List, and Affected Entities (each as defined herein and collectively, the "Service List") according to the Notice Procedures. A Rule 2002 Court Filing is deemed not to have been properly served until served, at a minimum, on all of the parties in the Core Group.

        a.    ***Core Group***.   The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

2

(i) Office of the United States Trustee for Region 10 (the "U.S. Trustee"), 46 E Ohio St., Suite 520, Indianapolis, Indiana 46204, Attn: Nancy J. Gargula and Ronald J. Moore;

(ii) Aearo Technologies LLC, 7911 Zionsville Road, Indianapolis, Indiana 46268, Attn: Matthew Blaisdell;

(iii) proposed co-counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C. and Emily Geier, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C. and Spencer A. Winters;

(iv) proposed co-counsel for the Debtors, Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200, Attn: Jeffrey A. Hokanson, John C. Cannizzaro, Connor Skelly;

(v) counsel for any committee appointed pursuant to section 1102 of the Bankruptcy Code;

(vi) the Top Counsel List, as that term is defined in the Creditor Matrix Motion;

(vii) counsel for the United States Department of Defense, United States Army Legal Services Agency, Gunston Road 9275, Fort Belvoir, Virginia 22060, Attn: Robert Wald;

(viii) counsel for the United States Department of Veteran Affairs, Office of General Counsel, Information & Administrative Law Group (024), 810 Vermont Avenue, NW, 11th Floor, Washington, DC 20420, Attn: Shaquana L. Cooper;

(ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Updated Core Group lists will be provided on the Case Website from time to time as appropriate.

b. *2002 List*. This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

(i) *Filing Requests for Documents Requires Email Address*. A request for service of papers pursuant to Bankruptcy Rules 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with request to the party filing such request: (A) name; (B) street address; (C) name of client(s), if applicable; (D) telephone number; (E) facsimile number; and (F) electronic mail (or email) address.

3

  (ii) ***Certification Opting Out of Email Service***.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (A) does not maintain an email address and (B) cannot practicably obtain an email address at which the individual or entity could receive service by email.

  (iii) ***2002 Notice List***.  The Debtors or Kroll shall be responsible for maintaining an updated list of those that have submitted a proper 2002 Notice Request (the "2002 List").  It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtors.

 c. ***Affected Entities***.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "Affected Entity").

4. At least every 15 days during the first 60 days of the chapter 11 cases, and thereafter at least every 30 days, until confirmation of a proposed chapter 11 plan or conversion of the Debtors' cases to another chapter under the Bankruptcy Code, Kroll shall maintain and update the 2002 List by:  (a) making any additions and deletions; (b) serving the updated 2002 List on the parties listed thereon; (c) filing a proof of service; and (d) posting an updated version of the 2002 List on the Case Website.

5. ***Service of Motions***.  With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2)–(6), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the appropriate Service List by email or by paper copy if an exemption is granted, and in accordance with the following procedures, unless otherwise ordered by the Court:

 a. in the case of the use, sale, or lease of substantially all of the Debtors' property pursuant to section 363 of the Bankruptcy Code, on all creditors, parties in interest and, where applicable, equity security holders;

4

  b. in the case of abandonment of property, on each entity asserting an interest in that property;

  c. in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

  d. in the case of a motion relating to the use of cash collateral or obtaining credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

  e. in the case of a motion under Bankruptcy Rule 9019, on all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

  f. in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

  g. any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity that filed such document; and

  h. all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

6. Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

  a. Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

  b. Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

  c. Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

  d. Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

  e. Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

      f.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

      g.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

      h.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

      i.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

      j.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

      k.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

7. ***Notice a Matter for Hearing***.  Parties should consult Local Rule B-2002-1(b) regarding the form and content of notices.

8. ***Shortened Notice***.  In the case of a request for a hearing on shortened notice, the party seeking such hearing, or such party's counsel, shall consult with the Court's staff as to the scheduling of such hearing and as to such other administrative matters as may be necessary for the Court to accommodate such request.

9. ***Service of Adversary Proceeding Documents.***  All pleadings and other Court filings in any adversary proceeding commenced in the chapter 11 cases shall be served upon the Core Group, each Affected Entity, and any other entities required to be served under any applicable Bankruptcy Rule or Local Rule.

**III.  Service by Electronic Mail.**

10. ***Service by Electronic Mail***.  All Rule 2002 Court Filings shall be electronically served on the Court's electronic filing system, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth

herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with "CM/ECF Policy - Service of Electronically Filed Documents" of the ECF Administrative Policies and Procedures Manual ("CM/ECF Policy").  A party filing a Rule 2002 Court Filing that is served on entities via the Court's electronic filing system has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.

11. If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of pleadings and documents filed in the chapter 11 cases unless such pleadings and/or documents directly affect such party.

12. The filing deadlines do not require three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) when a document is served by electronic or overnight mail, including service via the Court's electronic filing system.

**IV.  Omnibus Hearing Dates.**

13. First Omnibus Hearings.  Periodic omnibus hearings will occur as may be scheduled by the Court (the "Omnibus Hearings").  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings:

      a.    September 14, 2022, at 9:00 a.m.;

      b.    October 12, 2022, at 9:00 a.m.;

      c.    November 9, 2022, at 9:00 a.m.;

        d.        December 14, 2022, at 9:00 a.m; and

        e.        January 11, 2023, at 9:00 a.m.

14.    ***Future Omnibus Hearings***.  Throughout the chapter 11 cases, the Debtors shall periodically request that future Omnibus Hearings be scheduled as necessary.  The Debtors shall send notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information concerning future Omnibus Hearings that have been scheduled by the Court, entities may visit the Case Website, or contact the Clerk of the Court at 116 U.S. Courthouse, 46 E Ohio St. Rm 116, Indianapolis, IN 46204, or by visiting www.insb.uscourts.gov.

15.    All Requests for Relief, Objections, and all other matters requiring a hearing in the chapter 11 cases shall be set forth and be heard at an Omnibus Hearing unless otherwise ordered by the Court for good cause shown, in accordance with the following:

    a.    Any entity filing a Request for Relief shall file and serve a notice of such Request for Relief (a "Request for Relief Notice") contemporaneously therewith.  Any entity filing a Request for Relief Notice shall use reasonable efforts to tender a proposed form of such notice to the Court for review before filing such notice.  Each Request for Relief Notice shall conspicuously state:  (i) the title of the Request for Relief; (ii) the time and date of any deadline to object thereto (in accordance with paragraph 15(b) below); (iii) the Omnibus Hearing, or other hearing as ordered by the Court, during which the Request for Relief is set to be considered by the Court; and (iv) unless otherwise directed by the Court, a statement that the relief requested in the Request for Relief may be granted by the Court without a hearing if no Objection thereto is timely filed and served in accordance with these Case Management Procedures.

    b.    In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing.  The deadline to file an Objection to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing, and the deadline to file a reply to an Objection shall be three calendar days prior to the Omnibus Hearing; *provided*, *however*, the Debtors' counsel may propose to schedule matters filed by another party

8

        on a date other than the next Omnibus Hearing date if the Debtors in good faith believe, after consulting with such other party, that the hearing on the particular matter could exceed one hour and such other party does not object to such scheduling.

    c.     In the event that a party files a Request for Relief less than 21 calendar days but at least 14 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing. The deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing, and the deadline to file a reply to an Objection shall be one calendar day prior to the Omnibus Hearing; *provided*, *however*, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe, after consulting with such other party, that the hearing on the particular matter could exceed one hour and such other party does not object to such scheduling.

    d.     In the event that a party files a Request for Relief less than 14 calendar days prior to the next scheduled Omnibus Hearing, unless the Court orders otherwise, the matter shall be set for a date other than the next Omnibus Hearing date in accordance with paragraphs (a) and (b) herein.

    e.     Notwithstanding any procedure herein, nothing herein shall restrict any entity from requesting an expedited hearing pursuant to the Local Rules. Any motion requesting an expedited hearing must expressly set forth the reasons that an expedited hearing is necessary.

16.     ***Procedures Regarding the Omnibus Hearings***. The following procedures will apply unless the Court orders otherwise:

    a.     Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

    b.     Any notice of an Omnibus Hearing shall conspicuously contain the date and time that the hearing will be held in the event that an Objection is filed in accordance with the applicable rules.

    c.     Deadlines for responding to a Request for Relief shall be governed by these Case Management Procedures and the Local Rules, except to the extent the Local Rules conflict with these Case Management Procedures, in which case the Case Management Procedures shall govern.

    d.     Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and

      proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

   e.   If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent known, shall state on the hearing agenda above that a different order will be presented for entry or file such proposed order with Court in advance of the Omnibus Hearing.

   f.   The Debtors' counsel may, without leave of the Court and, unless upon the objection of another non-Debtor party, the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing. If a matter is adjourned, the Debtors' counsel shall update the hearing agenda accordingly.

   g.   For the avoidance of doubt, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

   h.   Upon request, the Court may allow counsel to participate in any hearing by telephone.

   i.   With the consent of the Court, the Debtors may delay the start time of any previously scheduled Omnibus Hearing to accommodate potential resolution of any matters scheduled for such Omnibus Hearing.

17.   ***Proposed Omnibus Hearing Agenda.***  The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

   a.   No later than one calendar day prior to each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard on such Omnibus Hearing (the "<u>Proposed Hearing Agenda</u>"). The Proposed Hearing Agenda is for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or a continuance.

   b.   The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.

18. ***Granting the Request for Relief Without a Hearing***.  Provided that the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is made, after the Objection deadline has passed, and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity that has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the Request for Relief and submit an order granting the relief requested.

19. ***List***.  A proponent of a Request for Relief shall serve an order granting such relief on the Core Group and 2002 List no later than five business days after such order was entered and no service list need be submitted with the proposed order.

**V.      Foreign Attorneys.**

20. All attorneys shall carefully review the Local Rules and, in particular, Local Rules B-9010-1–3 regarding the procedure for appearing and practicing before the Court.

21. Pursuant to Local Rule B-9010-3(c), attorneys from other states and the District of Columbia (each, a "Foreign Attorney") may appear and practice in the chapter 11 cases upon the motion of such Foreign Attorney, which authorization shall extend to any adversary proceedings filed in connection with the cases.

**VI.    Motions for Relief from the Automatic Stay.**

22. The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors. Notwithstanding section 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing. The Court may continue the effectiveness of the automatic stay until a final hearing on the matter. Nothing in this paragraph shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

**VII.   Evidentiary Hearings.**

23. Pursuant to Bankruptcy Rule 9014, in the event that a timely Objection is made to a Request for Relief (each, a "Contested Matter"), the hearing on such a Contested Matter shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such; *provided*, *however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe, after consulting with such other party, that the hearing on the particular matter could exceed one hour and such other party does not object to such scheduling.

24. With respect to a timely filed Objection to a Request for Relief and unless otherwise agreed to by the parties, such opposing party must contemporaneously notify the adverse party that it intends to introduce evidence or witnesses at the hearing on the Request for Relief that is the subject of the Objection. In addition to specifying whether such party intends to introduce evidence or witnesses at the hearing on the Objection, the party must also submit to the adverse

party, contemporaneously with the filing of the Objection, proposed deadlines for the parties to identify, with reasonable particularity, and serve on the adverse party, its proposed evidentiary exhibits and witnesses in a written disclosure (each, a "<u>Disclosure</u>"), which Disclosures shall be served only on the adverse party. Such notices must be received by the adverse party, in writing, immediately upon the filing of such Objection and in any event, no later than three calendar days prior to the scheduled hearing (unless such matter is scheduled on an expedited basis, in which case the parties shall cooperate to exchange the appropriate information as quickly as is feasible). Failure to provide timely notices as set forth in this paragraph, in the discretion of the Court, may result in the exclusion of such evidence. In the event the parties cannot reach an agreement regarding deadlines for Disclosure, either party may seek appropriate relief from the Court.

25. Upon reasonable request, the parties subject to a Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

26. Any party subject to a Contested Matter that fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from presenting such evidentiary exhibits or witnesses at the hearing on the matter or, alternatively, the hearing shall be adjourned.

27. Nothing contained herein shall preclude any party from presenting proffers in connection with uncontested matters or agreeing with an opposing party to present proffers in any Contested Matter or otherwise stipulating certain facts or documents into evidence.