# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) Case No. 22-02890-JJG-11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## ENFORCING THE AUTOMATIC STAY AND GRANTING RELATED RELIEF

The Debtors[2] filed these chapter 11 cases in this Court because it offers a forum to facilitate an equitable and efficient resolution of the more than 230,000 claims that were primarily pending in the MDL Court in the Northern District of Florida. Plaintiff lawyers, including those with leadership positions in the MDL, have violated the automatic stay on multiple occasions in the first 72 hours since filing. First, less than twelve hours after the petitions were filed, the Keller Postman firm filed a notice of a potential tag-along action with the Judicial Panel on Multidistrict Litigation seeking to transfer the entirety of the chapter 11 case to the MDL Court. Second, over the past three days, certain MDL plaintiffs' counsel filed nearly 100 amended Complaints against the Debtors, including several filed by MDL plaintiffs' lead counsel, Bryan Aylstock. These actions frustrate the Debtors' restructuring efforts and violate the automatic stay.

---

[1] The above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 7]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] A detailed description of certain facts and circumstances surrounding these chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 11] (the "First Day Declaration"). Capitalized terms used but not immediately defined herein have the meanings given to them elsewhere in this motion or in the First Day Declaration, as applicable.

**Preliminary Statement**

1. The Debtors file this motion to prevent plaintiffs' law firm Keller Postman and certain plaintiffs' lawyers, including MDL plaintiffs' lead counsel Bryan Aylstock, from continuing the Combat Arms Litigation against the Debtors in a non-bankruptcy forum.

2. On July 26, 2022, just hours after these chapter 11 cases were filed, Keller Postman filed a notice of potential tag-along action before the JPML under 28 U.S.C. § 1407, which named the entirety of these chapter 11 cases for potential transfer to the MDL Court. Keller Postman principal, Ashley Keller, personally appeared (via Zoom) at the first day hearing on July 27, 2022, and is aware of the automatic stay in place before this Court, but nonetheless made clear he would not withdraw the Transfer Request.

3. In the 72-hours following the Debtors' bankruptcy filings, certain plaintiffs' counsel in the MDL have also violated the stay nearly 100 times, including Bryan Aylstock, who filed at least three amended Complaints against the Debtors, in violation of the automatic stay. Like Mr. Keller, Mr. Aylstock is aware of these proceedings and the automatic stay, and also appeared (via Zoom) at the first day hearing.

4. The actions by Keller Postman and other plaintiffs' counsel violated the automatic stay. The Transfer Request and amended Complaints against the Debtors in a non-bankruptcy forum are efforts to continue prepetition litigation and recover on the prepetition Combat Arms claims. They therefore violate multiple provisions of section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362(a)(1) (prohibiting the "continuation" of any prepetition "proceeding against the debtor" or any action to "recover a claim against the debtor that arose before the commencement of a case under this title"); 11 U.S.C. § 362(a)(3) (prohibiting "any act to . . . exercise control over property of the estate"). And Keller Postman's JPML-transfer-gambit is also an improper attempted end-run around bankruptcy transfer procedures. Accordingly, the Debtors respectfully

2

request that the Court enter an order finding that the Transfer Request and the amended Complaints are violations of the automatic stay, directing Keller Postman to withdraw the Transfer Request, and directing certain plaintiffs' lawyers, including Mr. Aylstock, to dismiss the Complaints.

**Relief Requested**

5.     The Debtors seek entry of an order, substantially in the form attached to this motion as **Exhibit A** (the "Order"), (a) finding that the "Notice of Potential Tag-Along Action" filed by Keller Postman LLC on July 26, 2022, before the United States Judicial Panel on Multidistrict Litigation in *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL 2885 [JPML Docket No. 1771], attached to this motion as **Exhibit B** (the "Transfer Request"), violates the automatic stay under section 362 of the Bankruptcy Code; (b) directing Keller Postman to withdraw the Transfer Request; (c) finding that the filing of the 94 amended Complaints against the Debtors, which are listed in the chart attached hereto as **Exhibit C** (the "Complaints"), violated the automatic stay; (d) directing the plaintiffs' lawyers listed on **Exhibit C** to dismiss those Complaints; and (e) granting such other relief as the Court deems appropriate.

**Jurisdiction and Venue**

6.     The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are sections 362 and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 7065, 9013, and 9014, and the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

## Background

9. In recent years, the Debtors have been subject to tort litigation related to their "Dual-Ended Combat Arms — Version 2" earplugs (such earplugs, the "Combat Arms Earplugs" and such litigation, the "Combat Arms Litigation"). Plaintiffs in the Combat Arms Litigation (including those represented by Keller Postman LLC ("Keller Postman")[3] and Aylstock, Witkin, Kreis & Overholtz PLLC ("Aylstock") and the other law firms listed in **Exhibit C**) allege hearing loss and other personal injuries arising from the Combat Arms Earplugs, which were developed by the Debtors more than 20 years ago. In April 2019, the United States Judicial Panel on Multidistrict Litigation (the "JPML") formed MDL No. 2885 (the "Combat Arms MDL"), consolidating the Combat Arms Litigation in the United States District Court for the Northern District of Florida (the "MDL Court") for pre-trial proceedings.

10. On July 26, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Mere hours after the Debtors commenced these chapter 11 cases, Keller Postman filed the Transfer Request with the JPML, characterizing the Debtors' chapter 11 cases as a "potential tag along action" and seeking to initiate a conditional transfer order under Rule 7.1 of the Rules of Procedure for the JPML. On August 1,

---

[3] At least one Keller Postman attorney is on an MDL-appointed plaintiffs committee, and Ashley Keller himself represents MDL plaintiffs.

4

2022, Keller Postman filed a copy of the Transfer Request with this Court. [Docket No. 169]. Keller Postman's Transfer Request is the first step in a process seemingly designed to (a) transfer the Debtors' chapter 11 cases away from this Court and to the Florida MDL Court and (b) continue the Combat Arms Litigation.[4]

11. Similarly, in the first three days of these chapter 11 cases, several plaintiffs' lawyers—including Mr. Aylstock—together filed nearly 100 Complaints against the Debtors.[5] These Complaints generally allege additional injuries or otherwise attempt to expand their prepetition Combat Arms claims against the Debtors.

### Basis for Relief

12. Keller Postman's Transfer Request and plaintiffs' Complaints are willful violations of the automatic stay. "Courts have repeatedly stated that the automatic stay is 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Cox v. Specialty Vehicle Solutions, LLC*, 715 Fed. Appx. 443, 453 (6th Cir. 2017) (quoting *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986)). A key purpose of the automatic stay is to give debtors a "breathing spell" from their creditors, allowing them to focus their efforts on restructuring their estates for the benefit of all stakeholders. *See* H.R. Rep. No. 95-595, 95th Cong., at 340 (1978). The Transfer Request and Complaints deny the Debtors this breathing spell and violate sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code.

---

[4] On the morning of July 27, 2022, Keller Postman also filed a motion in the MDL Court seeking a TRO (the "TRO Motion") to enjoin "any party acting on 3M's behalf, from filing any motion, action, proceeding, brief, or other judicial filing that seeks to enjoin parties from pursuing [Combat Arms Litigation] against 3M." TRO Motion [MDL Docket No. 3332], at 8. Shortly thereafter—and in the midst of the Debtors' first day hearing—the MDL Court entered an order shortening notice and requiring the Debtors to respond to the TRO Motion within a matter of hours. The MDL Court has since entered an order (the "TRO Order") denying the TRO Motion. TRO Order [MDL Docket No. 3343].

[5] The Debtors intend to work with counsel for parties who filed a Complaint in an effort to consensually resolve their automatic stay violations in advance of the hearing.

5

**I.   The Transfer Request and Complaints Violate Section 362(a)(1) of the Bankruptcy Code.**

13.   Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that commencement of a bankruptcy case "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor [A] that was or could have been commenced [prepetition], or [B] to recover a claim against the debtor that arose [prepetition]." 11 U.S.C. § 362(a)(1).  The purpose of this provision is to prevent a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Rimsat, Ltd.*, 98 F.3d 956, 961 (7th Cir. 1996) (quoting *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982)).  A "plaintiff's attempt to have [a court outside the bankruptcy court] hear their suit against [the debtor] is a violation of [section 362](a)(1)" and should not be allowed. *In re Republic Oil Corp.*, 59 B.R. 884, 886 (Bankr. W.D. Ky. 1986).

14.   The Transfer Request violates section 362(a)(1)[A], as it seeks to continue the prepetition Combat Arms Litigation against the Debtors in the MDL Court.  Similarly, the Transfer Request commences a judicial process designed to recover on prepetition Combat Arms claims, which is a violation of section 362(a)(1)[B].  The Transfer Request was filed post-petition, and its only potential purpose is to allow Keller Postman to continue the Combat Arms Litigation against the Debtors (and recover on account of such prepetition claims).

15.   Moreover, the Transfer Request seeks to treat the Debtors' entire chapter 11 cases as civil proceedings subject to inclusion in the MDL and transfer to the MDL Court under 28 U.S.C. § 1407.  But there are specific provisions governing venue and transfer of chapter 11 cases, which Keller Postman declined to respect. *See* 28 U.S.C. § 1412.  Instead, Keller Postman

6

invokes an MDL transfer procedure that is incompatible with the Bankruptcy Code in general, and is a willful violation of the automatic stay in particular.

16.     The Complaints likewise violate the automatic stay.  Specifically, the Complaints (a) continue prepetition Combat Arms Litigation against the Debtors, and (b) seek to recover prepetition Combat Arms claims against the Debtors.  These actions directly violate both prongs of section 362(a)(1) of the Bankruptcy Code.  Indeed, as shown on Exhibit C, the Complaints filed in the Northern District of Florida even assert additional injuries against the Debtors, further altering the prepetition status quo in violation of the automatic stay.  *See*, *e.g.*, Master Short Form Complaint and Jury Demand, *Griffin v. 3M Company (In re 3M Combat Arms Earplug Prod. Liab. Litig.)*, No. 7:21-cv-63868 (N.D. Fla. Jul. 29, 2022) [Docket No. 9] (adding injuries such as sequelae to hearing loss and Tinnitus).  Griffin's amended and original complaints are attached hereto as **Exhibits D** and **E** respectively.

**II.     The Transfer Request and Complaints Violate Section 362(a)(3) of the Bankruptcy Code.**

17.     Section 362(a)(3) of the Bankruptcy Code prohibits "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).  The purpose of the automatic stay is to channel competing claims for a debtor's assets into a single forum to provide a platform for the debtor's reorganization.  *See Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708 (7th Cir. 1994). By centralizing proceedings in the bankruptcy court, the automatic stay aims to prevent disruptions to the administration of a bankruptcy case, including the burden of litigation outside the bankruptcy forum.  *See In re Valentine*, 611 B.R. 622, 633 (Bankr. E.D. Mo. 2020) (quotation omitted); *In re Matthews*, 458 B.R. 623, 627 (Bankr. N.D. Ga. 2011).  Importantly, the automatic stay works in conjunction with section 541(a)—which broadly defines property of the estate—to stay all actions or proceedings against the debtor's property interests that are taken outside of the bankruptcy court.

7

*See* 11 U.S.C. § 541(a)(1); *see also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993).

18. Here, Keller Postman's actions violate section 362(a)(3), as the Transfer Request represents an attempt to exercise control over the entire estate by transferring these chapter 11 cases to the MDL Court. Moreover, the Transfer Request and Complaints will squander property of the estate by requiring the Debtors to respond and defend against the Transfer Request and Complaints outside of this Court.

**III.   None of the Exceptions to the Automatic Stay Applies.**

19. While section 362(b) of the Bankruptcy Code provides limited exceptions to the automatic stay (e.g., child custody and paternity proceedings), none of those exceptions applies here. Similarly, while the JPML has transferred individual adversary proceedings to an MDL notwithstanding the automatic stay,[6] attempting to transfer an entire chapter 11 case as a "tag-along" action is antithetical to the stay provisions and the purposes they serve. The Debtors are unaware of any instance where the JPML transferred an entire chapter 11 case under 28 U.S.C. § 1407.[7] Indeed, it would make little sense for the JPML to do so considering it may only transfer cases for pretrial proceedings.[8] 28 U.S.C. § 1407(a) ("When civil actions involving one or more

---

[6] *See In re Phar–Mor, Inc., Securities Litigation*, MDL No. 959, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan. 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets."). Such transfers typically involve "common questions of fact with actions" in the MDL district court. *In re Nat'l Arb. F. Trade Pracs. Litig.*, 729 F. Supp. 2d 1353, 1354 (J.P.M.L. Aug. 6, 2010)

[7] To the Debtors' knowledge, the only cases that have addressed even the possibility of this act have raised serious questions about whether section 1407 could be used to transfer chapter 11 proceedings (without even addressing the automatic stay violation), but ultimately did not decide the issue. *See In re Asbestos Bankruptcy Litigation*, No. MDL-950, 1992 WL 423943 (J.P.M.L. Dec. 9, 1992); *In re Asbestos Prod. Liability Litigation (No. VI)*, 771 F. Supp. 415, 421 n.6 (J.P.M.L. 1991).

[8] In the event the JPML issues a transfer order, the Debtors intend to request an emergency hearing on this issue.

8

common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." (emphasis added)).

20.  It is unclear how the Debtors' chapter 11 cases could be consolidated in the Combat Arms MDL for "pretrial" proceedings only, and that is part of the problem—the Transfer Request initiates a non-bankruptcy dispute which has no basis in law but forces the Debtors to spend estate resources to contest.  This dynamic runs counter to the Bankruptcy Code's core protections and it cannot continue.

21.  And the Complaints are likewise well outside of any exceptions to the automatic stay.  Instead, as discussed above, it is black-letter law that filing complaints or amended complaints against a debtor violates the automatic stay.

## Notice

22.  The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the United States Trustee for Region 10, Attn: Ronald Moore; (b) the Top Counsel List;[9] (c) counsel for non-Debtor 3M; (d) the United States Attorney's Office for the Southern District of Indiana; (e) the Internal Revenue Service; (f) the office of the attorneys general for the states in which the Debtors operate or face Tort Claims;[10] (g) the United States Department of Veterans Affairs; (h) the United States Department of Defense; (i) the Securities and Exchange Commission; (j) counsel for Keller Postman; (k) counsel for Aylstock and the other lawyers listed on **Exhibit C**; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Motion and any order entered hereon

---

[9]  As defined in the Debtors' creditor matrix motion [Docket No. 17] (the "Creditor Matrix Motion").

[10]  As defined in the Creditor Matrix Motion.

9

will be served in accordance with Local Rule B-9013-3(d). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

The Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such other relief as the Court deems appropriate.

Indianapolis, Indiana
Dated: August 1, 2022

*/s/ Jeffrey Hokanson*

| | |
|---|---|
| **ICE MILLER LLP** | **KIRKLAND & ELLIS LLP** |
| Jeffrey A. Hokanson (Ind. Atty. No. 14579-49) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| John C. Cannizzaro (Ohio Atty. No. 85161) | Edward O. Sassower, P.C. (admitted *pro hac vice*) |
| Connor Skelly (Ind. Atty. No. 35365-06) (*pro hac vice* pending) | Emily Geier (admitted *pro hac vice*) |
| One American Square, Suite 2900 | 601 Lexington Avenue |
| Indianapolis, IN 46282-0200 | New York, New York 10022 |
| Telephone: (317) 236-2100 | Telephone: (212) 446-4800 |
| Facsimile: (317) 236-2219 | Facsimile: (212) 446-4900 |
| Email: Jeff.Hokanson@icemiller.com | Email: edward.sassower@kirkland.com |
| John.Cannizzaro@icemiller.com | emily.geier@kirkland.com |
| Connor.Skelly@icemiller.com | |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Spencer A. Winters (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: chad.husnick@kirkland.com
spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*