# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION TO CONTINUE HEARING ON THE TAXES MOTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") confirming the hearing on the *Debtors' First Day Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 21] (the "Taxes Motion").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, entered by the Court for each consolidated Debtor [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] The facts and circumstances leading up to the filing of these chapter 11 cases are set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 11], filed on July 26, 2022. Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

a core proceeding pursuant to 28 U.S.C. § 157. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule B-5071-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

### Background

5. Under the brand name Aearo Technologies, the Debtors manufacture and sell custom noise, vibration, thermal, and shock protection solutions, primarily serving the aerospace, commercial vehicle, heavy equipment, and electronics industries. The Debtors have 330 employees and generated approximately $108 million in direct sales in 2021. The Debtors are headquartered in Indianapolis, Indiana, where they have been based for over 40 years and where they maintain their main operating facility. In 2008, the Debtors were acquired by non-Debtor 3M Company ("3M," and together with its non-Debtor affiliates, the "Non-Debtor Affiliates"),[3] through its Safety and Industrial Business Group, in a stock purchase. The Debtors are wholly-owned subsidiaries of non-Debtor 3M.

6. In recent years, the Debtors have been the subject of a flood of tort litigation primarily arising from the sale of noise-reduction earplugs, known as "Dual-Ended Combat Arms — Version 2" earplugs (the "Combat Arms Earplugs"). Five of the Debtors and non-Debtor 3M are the named

---

[3] Non-Debtor 3M and its other Non-Debtor Affiliates are not debtors in these chapter 11 cases.

defendants in the largest multidistrict litigation ("MDL") in history, in which approximately 230,000 unvetted claims are pending against the Debtors in the Northern District of Florida. The MDL surpasses most of its predecessor and contemporary MDLs by orders of magnitude. The claims, which are centralized for pretrial proceedings, allege hearing loss and other personal injuries arising from the Combat Arms Earplugs, which were developed by the Debtors more than 20 years ago. A detailed description of the facts and circumstances surrounding the Debtors' litigation is set forth in the Informational Brief.[4]

7. Through these chapter 11 cases, the Debtors seek to achieve a fair and efficient resolution to the litigation, reduce uncertainty, and increase clarity for all stakeholders, while reducing the cost and time that could otherwise be required to litigate thousands of cases. To ensure that they can achieve these goals, on July 25, 2022, the Debtors entered into a funding and indemnification agreement under which non-Debtor 3M has agreed to fully fund these chapter 11 cases and to contribute $1 billion to a trust to ensure claimants determined to be entitled to compensation receive payment (the "Funding Agreement"). If necessary to achieve a resolution, non-Debtor 3M has committed to provide additional funding. Non-Debtor 3M's agreement to provide the Debtors with funding for tort claims will ensure fair compensation is available to claimants who are determined to be entitled to compensation based on an equitable and efficient estimation of liabilities, unconstrained by the Debtors' own ability to pay.

8. On July 26, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

---

[4] *See Informational Brief of Aearo Technologies LLC* (the "Informational Brief"), filed on July 26, 2022 [Docket No. 12].

3

Bankruptcy Code. On July 26, 2022, the Court entered orders authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule B-1015-1(b).[5]

### Request to Continue

9. The Debtors filed the Taxes Motion on July 26, 2022.

10. On August 15, 2022, certain Claimants (as defined in the Claimants Objection) filed a limited objection to the Taxes Motion [Docket No. 343] (the "Claimants Objection").

11. An interim hearing on the Taxes Motion was held on July 27, 2022. At the interim hearing, the Court granted the Taxes Motion on an interim basis. On July 29, 2022, the Court entered the *Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 146] (the "Interim Taxes Order"). A final hearing on the Taxes Motion was scheduled for August 18, 2022, at 9:00 a.m., prevailing Eastern Time, for consideration of entry of a final order granting the relief requested therein.

12. The Debtors are cognizant that, as of the filing of this Motion, a statutory committee has not yet been appointed in these chapter 11 cases. To that end, and considering the needs of their business, the Debtors have elected to adjourn the final hearing on the Taxes Motion to the omnibus hearing on September 14, 2022, at 9:00 a.m., prevailing Eastern Time.

### Basis for Relief

13. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b) authorizes a court to enlarge the time periods within which certain

---

[5] *See Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* entered by the Court for each consolidated Debtor [Docket Nos. 37–42].

4

actions must be taken, and states, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b).

14. Continuing the hearing and extending the relief granted under the Interim Taxes Order through and including the date of a final hearing on the Taxes Motion is reasonable under the circumstances and will not prejudice parties in interest.

15. Pursuant to Local Rule B-5071-1, the Debtors informed the Claimants on August 16, 2022 of the relief requested herein. As of the filing of this Motion, the Claimants have not responded to the Debtors after being informed of the proposed continuance.

## NOTICE

16. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for Region 10, Attn: Ronald Moore; (b) the Top Counsel List;[6] (a) counsel for non-Debtor 3M; (b) the United States Attorney's Office for the Southern District of Indiana; (c) the Internal Revenue Service; (d) the office of the attorneys general for the states in which the Debtors operate or face Tort Claims;[7] (e) the United States

---

[6] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File One List of the Top Law Firms Representing the Largest Numbers of Tort Plaintiffs Asserting Claims Against the Debtors, (II) Authorizing the Debtors to File One Consolidated Creditor Matrix, (III) Authorizing the Listing of Addresses of Counsel for Tort Claimants in the Creditor Matrix in Lieu of Claimants' Addresses, (IV) Authorizing the Debtors to Redact Personally Identifiable Information, (V) Approving Certain Notice Procedures for Tort Claimants, (VI) Approving the Form and Manner of Notice of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief* (the "Creditor Matrix Motion"), filed on July 26, 2022 [Docket No. 17].

[7] As defined in the Creditor Matrix Motion.

Department of Veterans Affairs; (f) the United States Department of Defense; (g) the Securities and Exchange Commission; (h) the Authorities;[8] and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

---

[8] As defined in the Taxes Motion.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Indianapolis, Indiana
Dated:  August 16, 2022

*/s/ Jeffrey A. Hokanson*

| | |
|---|---|
| **ICE MILLER LLP** | **KIRKLAND & ELLIS LLP** |
| Jeffrey A. Hokanson (Ind. Atty. No. 14579-49) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Connor Skelly (Ind. Atty. No. 35365-06) (*pro hac vice* pending) | Edward O. Sassower, P.C. (admitted *pro hac vice*) |
| One American Square, Suite 2900 | Emily Geier (admitted *pro hac vice*) |
| Indianapolis, IN 46282-0200 | 601 Lexington Avenue |
| Telephone:  (317) 236-2100 | New York, New York 10022 |
| Facsimile:(317) 236-2219 | Telephone:  (212) 446-4800 |
| Email:     Jeff.Hokanson@icemiller.com | Facsimile:(212) 446-4900 |
|                Connor.Skelly@icemiller.com | Email:     edward.sassower@kirkland.com |
| | emily.geier@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | - and - |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| | Spencer A. Winters (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:(312) 862-2200 |
| | Email:     chad.husnick@kirkland.com |
| | spencer.winters@kirkland.com |
| | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |