# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION TO LIFT THE
## AUTOMATIC STAY TO PERMIT CERTAIN APPEALS TO PROCEED

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>"):[2]

**<u>Preliminary Statement</u>**

1. The Debtors seek to lift the stay solely with respect to six appeals pending before the U.S. Court of Appeals for the Eleventh Circuit (the "<u>Eleventh Circuit</u>") in the Combat Arms litigation. The appeals, each filed by the Debtors and their co-defendant 3M, address cross-cutting issues at the heart of the Combat Arms litigation against the Debtors. This includes the applicability of the "government contractor" defense, which is a total defense to liability, jury instruction errors that were repeated at every bellwether trial, whether the federal Noise Control

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, entered by the Court for each consolidated Debtor [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] Detailed descriptions of the Debtors, their business, and the facts and circumstances surrounding these chapter 11 cases are set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") [Docket No. 11], filed on July 26, 2022. Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

Act required certain testing and labeling of the Combat Arms Earplugs, as well as pivotal evidentiary issues about the design of the product.

2.  The Eleventh Circuit entered an order staying the appeals as to both the Debtors and 3M as a result of the commencement of these chapter 11 cases. Decisions in these appeals may dispose of the Combat Arms claims entirely and at a minimum will significantly inform settlement discussions regarding the Combat Arms claims in these chapter 11 cases. Progressing the appeals will also impose minimal burdens on the Debtors and the other litigants because the record at trial has already been established and, in several of the appeals, briefing has already substantially progressed. Accordingly, the Debtors respectfully request that the Court lift the stay for the limited purpose of permitting the appeals to proceed.

**Relief Requested**

3.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) lifting the automatic stay solely to the extent necessary for certain appellate proceedings pending before the Eleventh Circuit to resume and (b) granting related relief.

**Jurisdiction and Venue**

4.  The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a), 362(a), and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule B-9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

**Background**

7.      Under the brand name Aearo Technologies, the Debtors manufacture and sell custom noise, vibration, thermal, and shock protection solutions, primarily serving the aerospace, commercial vehicle, heavy equipment, and electronics industries. The Debtors have 330 employees and generated approximately $108 million in direct sales in 2021. The Debtors are headquartered in Indianapolis, Indiana, where they have been based for over 40 years and where they maintain their main operating facility. In 2008, the Debtors were acquired by non-Debtor 3M Company ("3M," and together with its non-Debtor affiliates, the "Non-Debtor Affiliates"),[3] through its Safety and Industrial Business Group, in a stock purchase. The Debtors are wholly-owned subsidiaries of non-Debtor 3M.

8.      In recent years, the Debtors have been the subject of a flood of tort litigation primarily arising from the sale of noise-reduction earplugs, known as "Dual-Ended Combat Arms — Version 2" earplugs (the "Combat Arms Earplugs"). Five of the Debtors and non-Debtor 3M are the named defendants in the largest multidistrict litigation ("MDL") in history, in which approximately 230,000 unvetted claims are pending against the Debtors in the Northern District of Florida. The MDL surpasses most of its predecessor and contemporary MDLs by orders of magnitude. The claims, which are centralized for pretrial proceedings, allege hearing loss and other personal injuries arising from the Combat Arms Earplugs, which were developed by the

---

[3]    Non-Debtor 3M and its other Non-Debtor Affiliates are not debtors in these chapter 11 cases.

3

Debtors more than 20 years ago. A detailed description of the facts and circumstances surrounding the Debtors' litigation is set forth in the Informational Brief.[4]

9. Through these chapter 11 cases, the Debtors seek to achieve a fair and efficient resolution to the litigation, reduce uncertainty, and increase clarity for all stakeholders, while reducing the cost and time that could otherwise be required to litigate thousands of cases. To ensure that they can achieve these goals, on July 25, 2022, the Debtors entered into a funding and indemnification agreement under which non-Debtor 3M has agreed to fully fund these chapter 11 cases and to contribute $1 billion to a trust to ensure claimants determined to be entitled to compensation receive payment. If necessary to achieve a resolution, non-Debtor 3M has committed to provide additional funding. Non-Debtor 3M's agreement to provide the Debtors with funding for tort claims will ensure fair compensation is available to claimants who are determined to be entitled to compensation based on an equitable and efficient estimation of liabilities, unconstrained by the Debtors' own ability to pay.

10. On July 26, 2022, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 26, 2022, the Court entered orders authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule B-1015-1(b).[5] On August 30, 2022, the United States Trustee for Region 10 (the "U.S. Trustee") appointed official committees of unsecured creditors for tort claimants related to the use

---

[4] *See Informational Brief of Aearo Technologies LLC* (the "Informational Brief"), filed on July 26, 2022 [Docket No. 12].

[5] *See Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* entered by the Court for each consolidated Debtor [Docket Nos. 37–42].

4

of the Combat Arms Earplugs (the "CAE Committee") [Docket No. 393] and certain respirators (the "Respirator Committee") [Docket No. 395] pursuant to section 1102 of the Bankruptcy Code.

**Motion Specific Background**

11. By this Motion, the Debtors seek to lift the automatic stay as to the following bellwether appeals pending before the Eleventh Circuit (together, the "Appeals"):

| Appeal | Procedural Posture |
|---|---|
| *Luke Estes v. 3M Company et al.*, No. 21-13135-GG (11th Cir.) | • Opening and response brief filed;<br><br>• Reply brief and oral argument outstanding. |
| *Stephen Hacker v. 3M Company et al.*, No. 21-13133-GG (11th Cir.) | |
| *Lewis Keefer v. 3M Company et al.*, No. 21-13131-GG (11th Cir.) | |
| *Lloyd Baker v. 3M Company et al.*, No. 21-12517-GG (11th Cir.) | |
| *Adkins v. 3M Company et al.*, No. 22-12812 (11th Cir.) | • Appeal docketed;<br><br>• Briefing scheduled to be determined. |
| *Wilkerson v. 3M Company et al.*, No. 21-12719 (11th Cir.) | |

12. The Appeals stem from certain of the 16 bellwether trials in the Combat Arms MDL. Each of the Appeals involve cross-cutting issues that may dispose of the MDL cases and, at a minimum, will inform settlement and estimation in these chapter 11 cases. Specifically, appeals are pending on the following issues, among others:

- whether the MDL court erred in denying Debtors' and 3M's motion for summary judgment on the "government contractor" defense,[6] which preempts plaintiffs' state-law claims, and granting plaintiffs' cross-motion;

- whether the federal Noise Control Act[7] required certain testing and labeling of the Combat Arms Earplugs; and

- a number of evidentiary and jury instruction issues, which will require new trials.

---

[6] *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 506 (1988).

[7] 42 U.S.C. § 4902(3)(B)(i).

5

These are vitally important issues cutting to the core of the alleged liabilities underlying these chapter 11 cases and the MDL. A number of the Appeals are substantially briefed and all of them are proceeding on a full trial record.

13. Citing section 362 of the Bankruptcy Code, the Eleventh Circuit entered an order on August 22, 2022, finding that each of the Appeals was stayed, as to both the Debtors and 3M, as a result of the commencement of the Debtors' chapter 11 cases, pending further order of this Court and the Eleventh Circuit.[8] Accordingly, the Appeals will not proceed at this stage absent further order of this Court.

### Basis for Relief

14. Section 362(d) of the Bankruptcy Code provides that "the court shall grant relief from the stay . . . for cause." Accordingly, the Bankruptcy Code requires courts to lift the stay where, among other situations, cause exists. *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 208 (3d Cir. 1995) ("Furthermore, we note that the language of [Section 362(d)] is mandatory, when . . . the factors necessary for relief . . . are met 'the court shall grant relief.'") (citing 11 U.S.C. § 362(d)). The word "cause" is not defined in the Bankruptcy Code, and its meaning has been developed by the courts on a case-by-case basis. *In re Veit*, 227 B.R. 873, 874 (Bankr. S.D. Ind. 1998) (citing *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991)).

15. In *Fernstrom*, the following factors were considered in evaluating whether "cause" exists: (a) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, (b) whether the hardship to the [non-bankrupt party] by maintenance

---

[8] *See Order* USCA11 Case: 21-12517 (11th Cir. Aug. 22, 2022) (staying appeals in *Luke Estes v. 3M Company et al.*, No. 21-13135-GG (11th Cir.); *Stephen Hacker v. 3M Company et al.*, No. 21-13133-GG (11th Cir.); *Lewis Keefer v. 3M Company et al.*, No. 21-13131-GG (11th Cir.); *Lloyd Baker v. 3M Company et al.*, No. 21-12517-GG (11th Cir.); *Aaron Bonenfant et al. v. 3M Company et al.*, No. 22-11897-GG (11th Cir.); *Carl Antoine D. Sylvain v. 3M Company et al.*, No. 21-12273-GG (11th Cir.); and *Daniel L. Torres v. 3M Company et al.*, No. 21-12403-GG (11th Cir.)).

6

of the stay considerably outweighs the hardship of the debtor, and (c) whether the creditor has a probability of prevailing on the merits. *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (citing *In re Pro Football Weekly,* 60 B.R. 824, 826 (N.D. Ill. 1986)) (internal quotation omitted). Where the debtor is the movant seeking relief from the stay, however, courts in the Seventh Circuit have looked beyond the three factors detailed in *Fernstrom*. *See In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 (Bankr. C.D. Ill. Sept. 3, 2014).

16. Such courts have utilized the widely adopted "*Curtis*" factors (from *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)) to evaluate whether "cause" exists to lift the automatic stay in order to continue proceedings in another court. *See In re Eiseman, slip copy,* 2013 WL 139262, at *1 (Bankr. E.D. Wis. 2013); *In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 (Bankr. C.D. Ill. Sept. 3, 2014) (citing *In re Grogg,* 295 B.R. 297, n.6 (Bankr. C.D. Ill. 2003) (listing the *Curtis* (or *"Sonnax"*) factors)). The *Curtis* factors include:

(1) Whether the relief will result in a partial or complete resolution of the issues.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the foreign proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the balance of harms

*In re Eiseman,* slip copy, 2013 WL 139262, at *1 (Bankr. E.D. Wis.2013) (citing *In re Sonnax Industries, Inc.,* 907 F.2d 1280 (2d Cir. 1990)).

17. The *Curtis* factors do not each warrant consideration in every case. *In re Busch*, 294 B.R. 137, 141 (10th Cir. B.A.P. 2003). Whether "cause" exists for relief from stay is a discretionary matter for the Court to consider and should be decided on a case-by-case basis. *Id.* at 140.

18. Here, the applicable factors all weigh in favor of lifting the stay with respect to the Appeals. ***First***, the Appeals could result in complete or partial resolution of the Combat Arms liability. For example, the "government contractor" defense is a total defense to liability. Other issues on appeal pertain to exclusion of evidence at not only the bellwether trials currently on appeal, but also those that are not yet ripe for appeal. Success for the Debtors on appeal would result in reversal of one or more of the bellwether verdicts, which ranged from approximately $1.4 million to $77.5 million and totaled over $266 million in the aggregate. Reversal on these points would significantly inform the extent of the alleged Combat Arms liability. Regardless of the

8

outcome, decisions on the Appeals would help progress these chapter 11 cases by, at a minimum, informing both settlement discussions and any estimation proceedings.

19. ***Second***, although the Appeals have a connection to these chapter 11 cases in the sense that they pertain to the extent of the Debtors' alleged Combat Arms liabilities, the Appeals are proceeding on full trial records and in several cases are nearly fully briefed. Accordingly, as other courts have held, proceeding with the Appeals will involve minimal interference with the chapter 11 cases. *See In re Horizon Womens Care Prof'l LLC*, 506 B.R. 553, 558 (Bankr. D. Colo. 2014) ("The Court finds no interference with the bankruptcy case by allowing the completion of the [. . .] appeal. The Debtor will likely defend its judgment by participating in the appeal. But that does not constitute a substantive interference with administration of this bankruptcy case.").

20. ***Third***, the Appeals will not prejudice creditors, the creditors' committee, or parties in interest. The applicable creditors are well-represented in the Appeals, which will require limited expenditures of time and resources to progress to decision. Although the outcome of the Appeals could affect the parties' respective positions in the Combat Arms litigation, this applies to all parties equally and could inure to their benefit, detriment, or a combination thereof depending on the outcomes. Accordingly, no party is unfairly prejudiced by the continuation of the Appeals.

21. ***Fourth***, for all the same reasons, the interests of judicial economy and the balance of the harms favor lifting the stay as well. Allowing the Appeals to proceed will impose minimal costs on the estates and the parties but could yield outsize insights into the extent of the Combat Arms liabilities that are at the heart of these chapter 11 cases. Accordingly, the Debtors respectfully request that the Court enter the Order.

**Notice**

22. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee, Attn: Harrison Strauss; (b) the CAE Committee; (c) the Respirator Committee; (d) counsel for non-Debtor 3M; (e) the United States Attorney's Office for the Southern District of Indiana; (f) the Internal Revenue Service; (g) the office of the attorneys general for the states in which the Debtors operate or face Tort Claims;[9] (h) the United States Department of Veterans Affairs; (i) the United States Department of Defense; (j) the Securities and Exchange Commission; (k) counterparties in the Appeals; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

---

[9] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File One List of the Top Law Firms Representing the Largest Numbers of Tort Plaintiffs Asserting Claims Against the Debtors, (II) Authorizing the Debtors to File One Consolidated Creditor Matrix, (III) Authorizing the Listing of Addresses of Counsel for Tort Claimants in the Creditor Matrix in Lieu of Claimants' Addresses, (IV) Authorizing the Debtors to Redact Personally Identifiable Information, (V) Approving Certain Notice Procedures for Tort Claimants, (VI) Approving the Form and Manner of Notice of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief* (the "Creditor Matrix Motion"), filed on July 26, 2022 [Docket No. 17].

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Indianapolis, Indiana
Dated:  August 31, 2022

*/s/ Jeffrey A. Hokanson*

| | |
|---|---|
| **ICE MILLER LLP** | **KIRKLAND & ELLIS LLP** |
| Jeffrey A. Hokanson (Ind. Atty. No. 14579-49) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Connor Skelly (Ind. Atty. No. 35365-06) (admitted *pro hac vice*) | Edward O. Sassower, P.C. (admitted *pro hac vice*) |
| One American Square, Suite 2900 | Emily Geier (admitted *pro hac vice*) |
| Indianapolis, IN 46282-0200 | 601 Lexington Avenue |
| Telephone:    (317) 236-2100 | New York, New York 10022 |
| Facsimile:    (317) 236-2219 | Telephone:    (212) 446-4800 |
| Email:    Jeff.Hokanson@icemiller.com | Facsimile:    (212) 446-4900 |
|           Connor.Skelly@icemiller.com | Email:    edward.sassower@kirkland.com |
| | emily.geier@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | - and - |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| | Spencer A. Winters (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:    chad.husnick@kirkland.com |
| |           spencer.winters@kirkland.com |
| | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |