IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] ) | Case No. 22-02890-JJG-11 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**DEBTORS' MOTION FOR (I) AN EXPEDITED HEARING
ON THE MEDIATION MOTION AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) scheduling an expedited hearing on the *Debtors' Motion for Entry of an Order (I) Appointing the Honorable James M. Carr and Randi S. Ellis as Co-Mediators, (III) Authorizing the Debtors to Participate in the Mediation, and (IV) Granting Related Relief* (the "Mediation Motion"); and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, entered by the Court for each consolidated Debtor [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] Detailed descriptions of the Debtors, their business, and the facts and circumstances surrounding these chapter 11 cases are set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 11], filed on July 26, 2022. Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion, the Mediation Motion (as defined herein), or in the First Day Declaration, as applicable.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule B-9006-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

### Basis for Relief

5. The Debtors have contemporaneously herewith filed the Mediation Motion, which the Debtors request that the Court hear on an expedited basis. Bankruptcy Rule 9006(c) and Local Rule B-9006-1(a) permit the expedited consideration of motions for cause.

6. Pursuant to the Mediation Motion, the Debtors request entry of an order (a) appointing the Honorable James M. Carr and Randi S. Ellis as Co-Mediators and (b) authorizing the Debtors to participate in the Mediation. As described in the Mediation Motion, the Debtors believe that the assistance of experienced mediators in the early days of the chapter 11 cases will maximize the opportunity for consensual resolution.

7. Pursuant to the MDL Mediation Order, non-Debtor 3M Company and the plaintiffs were ordered participate in a multi-day mediation within 30 days from August 30, 2022. Absent an expedited hearing, the Debtors will not be able to join the Mediation, consistent with the MDL

2

Mediation Order, on the proposed timeline and risk a breakdown in negotiations.

8.  The Debtors submit that, in light of the urgent relief requested in the Mediation Motion, cause exists for an expedited hearing on the Mediation Motion. Accordingly, consistent with B-Local Rule 9006-1(a), the Debtors request that the Court hear the Mediation Motion on an expedited basis on September 7, 2022 and set an objection deadline of September 6, 2022, at 4:00 p.m. (Prevailing Eastern Time).

### Notice

9.  The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for Region 10, Attn: Harrison Strauss; (b) the CAE Committee; (c) the Respirator Committee; (d) counsel for non-Debtor 3M; (e) the United States Attorney's Office for the Southern District of Indiana; (f) the Internal Revenue Service; (g) the office of the attorneys general for the states in which the Debtors operate or face Tort Claims;[3] (a) the United States Department of Veterans Affairs; (b) the United States Department of Defense; (c) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

10.  No prior request for the relief sought in this Motion has been made to this or any

---

[3] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File One List of the Top Law Firms Representing the Largest Numbers of Tort Plaintiffs Asserting Claims Against the Debtors, (II) Authorizing the Debtors to File One Consolidated Creditor Matrix, (III) Authorizing the Listing of Addresses of Counsel for Tort Claimants in the Creditor Matrix in Lieu of Claimants' Addresses, (IV) Authorizing the Debtors to Redact Personally Identifiable Information, (V) Approving Certain Notice Procedures for Tort Claimants, (VI) Approving the Form and Manner of Notice of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief* (the "Creditor Matrix Motion"), filed on July 26, 2022 [Docket No. 17].

other court.

Case 22-02890-JJG-11    Doc 421    Filed 09/02/22    EOD 09/02/22 17:36:28    Pg 4 of 5

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstance.

Indianapolis, Indiana
Dated: September 2, 2022

*/s/ Jeffrey A. Hokanson*
**ICE MILLER LLP**
Jeffrey A. Hokanson
Connor Skelly (admitted *pro hac vice*)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone:   (317) 236-2100
Facsimile:   (317) 236-2219
Email:   Jeff.Hokanson@icemiller.com
     Connor.Skelly@icemiller.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Emily Geier (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
     emily.geier@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Spencer A. Winters (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   chad.husnick@kirkland.com
     spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*