IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>AEARO TECHNOLOGIES LLC, *et. al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-02890-JJG-11<br><br>(Jointly Administered) |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 26, 2022 (ECF No. 300)**

Nancy J. Gargula, United States Trustee (the "U.S. Trustee"), by Harrison E. Strauss, Trial Attorney, in furtherance of her duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), submits this objection ("Objection") to the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 26, 2022* (the "Application") (ECF No. 300), and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief, that was filed contemporaneously therewith. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

**PRELIMINARY STATEMENT**

Although the debtor in a chapter 11 case is normally afforded great deference in its choice of counsel, that deference is not without limits. Among other things, a debtor's selection of counsel must be consistent with "the important policy of ensuring that all professionals. . . tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998) (quoting *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir.1994)). For this reason, a debtor's application to retain an attorney must be denied if, among other things, that attorney "hold[s] or represent[s] an interest adverse to the estate," or is not "disinterested." 11 U.S.C. § 327(a).

The Debtors' proposed counsel, Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively "Kirkland"), concurrently serves as lead litigation counsel to the Debtors' parent, 3M Company ("3M"), in non-bankruptcy tort litigation that involves hundreds of thousands of claims and potentially billions of dollars in liability to veterans and current US servicemembers, among others.

The interests of 3M and the Debtors, however, are not aligned: in addition to being a tort co-defendant of the Debtors, 3M owes the Debtors potentially billions of dollars under a pre-petition funding agreement (and may have substantial claims against the Debtors under the same agreement). 3M is also expected to provide funding for the Debtors' eventual plans of reorganization, in exchange for a third-party release and a permanent non-

2

debtor injunction, which the Debtors have described as one of the "cornerstones" of their reorganization strategy. *See* Informational Brief of Aearo Technologies LLC, ECF No. 12 at 57. In each of these matters, 3M holds interests that are both adverse to the Debtors and factually related to Kirkland's litigation work for 3M.

Simply put, Kirkland does not possess undivided loyalty to the Debtors. Because 3M is the party bound and obligated under a funding agreement and the non-debtor third party that will benefit greatly from eventual releases, Kirkland cannot be retained to represent the Debtors while simultaneously providing counsel to 3M in related matters. For this reason, the Application must be denied.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Indiana has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the "U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the "U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest).

3.   Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised in this Objection.

## BACKGROUND AND RELEVANT FACTS

4.   The Debtors filed for relief under chapter 11 of the United States Bankruptcy Code on July 26, 2022 ("Petition Date"). On the Petition Date, the Court entered orders approving joint administration and procedural, but not substantive, consolidation of these cases pursuant to Fed. R. Bankr. P. 1015(b).

5.   A description of the Debtors' business operations and the reasons for commencing these chapter 11 cases are described in the First Day Declaration of John R. Castellano, ECF No. 11 ("First Day Declaration").

6.   The Debtors are wholly owned subsidiaries of non-debtor 3M. In recent years the Debtors and 3M have been co-defendants in the largest multidistrict litigation in United States history in which over 230,000 claims are pending against the Debtors and 3M in the Northern District of Florida (the "MDL"). The claims consolidated in the MDL generally allege hearing injuries arising from the sale of noise-reduction earplugs, known as "Dual-Ended Combat Arms-Version 2" earplugs, which were historically manufactured by the Debtors. In addition, there are state court claims against the Debtors and 3M in Minnesota that allege similar injuries (collectively with the MDL the "CAE Litigation"). First Day Declaration ¶¶ 8 and 38 and footnote 7. In their more recently filed Statements of Financial Affairs the Debtors indicate that there are

4

more than 364,000 claims in total related to the earplugs. Statement of Financial Affairs, ECF No. 389-5 at 1-4,581.

7.  The Debtors are also subject to a smaller number of claims related to alleged personal injuries from workplace exposures to asbestos, silica, coal mine dust, or other occupational dusts in connection with the use of the Debtors' mask and respirator products ("Respirator Litigation"). First Day Declaration ¶ 10.

8.  The Debtors filed these bankruptcy cases with the goal of resolving both the CAE Litigation and the Respirator Litigation. First Day Declaration ¶ 11. According to the Debtors, that strategy is intended to result in plans that will discharge litigation claims not only against the Debtors, but also against non-debtor 3M. *See* First Day Declaration ¶ 51 ("The Debtors' goal in these cases is to negotiate . . . a plan of reorganization that would, among other things . . . provide for the issuance of an injunction that will permanently protect the Debtors <u>and 3M</u> from further claims related to Combat Arms and Respirators") (emphasis added). Informational Brief of Aearo Technologies LLC, ECF No. 12 at 57.

9.  On July 25, 2022, one day before the filing of the Debtors' chapter 11 cases, the Debtors and 3M entered into a funding agreement ("Funding Agreement"). First Day Declaration ¶ 12. In pertinent part, the Funding Agreement obligates 3M to fund both the expenses of the Debtors' chapter 11 cases and a trust to compensate allowed CAE Litigation and Respirator claims—with no monetary cap on 3M's obligations. In return, the Debtors are

5

obligated to indemnify 3M and its affiliates for all liabilities related to those claims.

10. On July 26, 2022, Debtors filed a Complaint for Declaratory and Injunctive Relief (i) Confirming that the Automatic Stay Applies to Certain Actions Against a Non-Debtor; (ii) Preliminarily Enjoining Certain Actions Against a Non-Debtor; and (iii) Granting a Temporary Restraining Order Pending an Order on The Preliminary Injunction. Adv. No. 22-50059 ("Adversary Proceeding").

11. Also on July 26, 2022, Debtors filed a Motion for Declaratory and Injunctive Relief (i) Confirming that the Automatic Stay Applies to Certain Actions Against a Non-Debtor; (ii) Preliminarily Enjoining Certain Actions Against a Non-Debtor; and (iii) Granting a Temporary Restraining Order Pending an Order on the Preliminary Injunction in the Adversary Proceeding. Adv. No. 22-50059, ECF No. 2 ("Preliminary Injunction Motion").

12. A trial was conducted on the Preliminary Injunction Motion, and the Court denied the motion on August 26, 2022. Adv. No. 22-50059, ECF No. 143 ("Preliminary Injunction Denial Order").

13. On August 9, 2022, the Debtors filed the Application seeking to authorize the employment of Kirkland as attorneys for the Debtors effective as of the Petition Date.

14. Kirkland was paid $6,385,697.78 prepetition directly by the Debtors. Application ¶ 14, footnote 7.

15. Kirkland was paid an additional $7,726,556.88 by 3M on behalf of the Debtors. Application ¶ 14, footnote 7.

16. The Debtors will pay any post-petition fees and expenses directly to Kirkland as and when they are approved by the Court. Application ¶ 20, footnote 8.

17. Kirkland contends in the Application that, to the best of its knowledge, it is a "disinterested person" within the meaning of section 1101(14) of the Bankruptcy Code as required by 11 U.S.C. § 327(a).

18. In support of the Application, Kirkland submitted the declaration of Chad J. Husnick, the president of Chad J. Husnick, P.C., which is a partner of both Kirkland & Ellis LLP and Kirkland & Ellis International LLP. ECF No. 300-2 (the "Husnick Declaration").

19. As stated in the Husnick Declaration, Kirkland currently represents, and in the past has represented, non-debtor 3M and several other Non-Debtor Affiliates[2] on a variety of matters including in the CAE Litigation.

20. The Husnick Declaration states that the firm of White & Case LLP represents 3M in connection with these chapter 11 cases and represented 3M in the negotiation and execution of the Funding Agreement.

21. The Debtors are also represented by McDonald Hopkins LLC, the Debtors' proposed conflict counsel for these chapter 11 cases, for any conflict matters, including the negotiation of the Funding Agreement.

---

[2] Capitalized terms not expressly defined herein carry the definition given in the Application. Here, the Application defines Non-Debtor Affiliates as 3M together with its non-Debtor affiliates.

7

22. In addition, the Husnick Declaration contends that all current and prior Kirkland representations of the Non-Debtor Affiliates have been in matters not adverse to the Debtors.

23. Lastly, the Husnick Declaration states that during the twelve-month period ending on July 31, 2022, the Non-Debtor Affiliates' payments to Kirkland represented approximately 1.7 percent of Kirkland's total fee receipts for that twelve-month period.

## LAW, ANALYSIS AND ARGUMENT

11 U.S.C. § 327(a) allows the debtor in possession to employ professional persons that "do not hold or represent an interest adverse to the estate" and that are "disinterested persons." One court has described Section 327(a) as "a prophylactic provision designed to insure [sic] that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *See In re Prudent Holding* Corp., 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993). Further, the stringent requirements and standards for employment of professionals under the Bankruptcy Code and Bankruptcy Rules are designed to ensure the integrity of the bankruptcy process and the public's confidence in the bankruptcy courts. *See In re Lee Way Holding Co.,* 100 B.R. 950, 961 (Bankr. S.D. Ohio 1989).

An applicant under 11 U.S.C. § 327 has the burden of establishing by motion and accompanying affidavit that its chosen professional is qualified. *See In re BH&P, Inc.,* 949 F.2d 1300, 1317 (3d Cir. 1991) ("It is not . . . the obligation of the bankruptcy court to search the record for possible conflicts of

8

interest. That obligation belongs to the party who seeks employment by the estate").

Section 327(a) requires that the proposed professionals "not hold or represent an interest adverse to the estate, and that [they] are disinterested persons . . . ." 11 U.S.C. § 327(a). Although the Bankruptcy Code does not define "interest adverse," it does define "disinterested person" as one "who is not a creditor . . . or an insider . . . and does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

Any professional person that does not meet both the "no adverse interest" and the "disinterested person" tests is disqualified from employment under Section 327(a). *See In re BH&P*, 949 F.2d at 1314 (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional who holds or represents an adverse interest is *per se* disqualified. *See Michel v. Eagle-Picher Indus. (In re Eagle-Picher Indus.)*, 999 F.2d 969, 972 (6th Cir. 1993) (professional can lack disinterestedness without having an adverse interest).

In this case, there are at least two significant matters that have arisen (or are likely to arise) in the Debtors' chapter 11 cases in which the interests of the Debtors and 3M are adverse and which are factually and legally interconnected with the non-bankruptcy litigation in which Kirkland represents 3M.

9

First, 3M and the Debtors have adverse interests with respect to the interpretation and enforcement of the Funding Agreement. As noted, that Funding Agreement provides an unfixed but uncapped payment obligation running from 3M to the Debtors, where the funds are ultimately to be used to resolve the tort liabilities of both the Debtors and 3M, in return for which the Debtors must indemnify 3M and its affiliates for 3M's litigation liabilities. As the Court noted in its Preliminary Injunction Denial Order, 3M's payment obligations under this Funding Agreement are not self-executing. Rather, they arise only after the Debtors have exhausted their own assets and only upon a valid funding request. *See* Prelim. Inj. Denial Order, ECF No. 143 at 10-11. The Funding Agreement thus creates a natural tension between the interests of the Debtors, who are under a fiduciary obligation to maximize the value of their rights under that Funding Agreement, and 3M's interest in minimizing its own liability under the Funding Agreement—which it may do by, among other things, forcing the Debtors to liquidate other assets before approving a funding request.

This tension is further heightened by the fact that, as the Court recognized, certain provisions of the Funding Agreement appear to be ambiguous and may be open to differing interpretations that may be more or less favorable to 3M or to the Debtors. Among these ambiguities is the question of whether the Debtors' indemnity obligations to 3M are included within the expenses that must be funded by 3M—an interpretation that would essentially make the Debtors' indemnity obligation circular. *Id.* at 10. Although the Court

10

resolved this ambiguity in favor of the Debtors, the Debtors notably did not raise this argument—despite that the Court's interpretation was one that made the Funding Agreement on the whole much more favorable to the Debtors. *Id.*

Second, under the proposed reorganization strategy announced by the Debtors, the Debtors and 3M will be adverse when negotiating the terms of the Debtors' plans. A cornerstone of the plans will be the creation of a settlement trust that will resolve tort claims against 3M as well as the Debtors. As counsel to the Debtors, Kirkland would have a fiduciary duty to maximize 3M's contribution to that trust—and by implication to maximize 3M's share of the parties' combined tort liability. Yet this presents a conflict with Kirkland's duty, in its capacity as litigation counsel to 3M, to minimize those same liabilities as to 3M.

As numerous courts have concluded under similar circumstances, competing interests of this nature are sufficient to disqualify Kirkland as counsel to the Debtors. *See, e.g., In re The Harris Agency, LLC*, 462 B.R. 514, 519 (E.D. Pa. 2011) (disqualifying debtor's counsel based on representation of affiliated company that was also creditor and co-obligor of the debtor); *In re Gordon Properties, LLC*, 504 B.R. 807, 811-812 (Bankr. E.D. Va. 2013) (holding that "adverse interest" test was violated by counsel's representation of debtor's owners in other litigation, where owners were also creditors and potential plan funders of the debtor).

Furthermore, Kirkland's conflict cannot be cured by "conflicts counsel" to handle matters involving 3M. Although conflicts counsel may be appropriate in

11

cases where the conflict involves peripheral matters, they cannot cure a conflict regarding a matter that is central to the chapter 11 cases. *See In re Project Orange Assoc., LLC*, 431 B.R. 363, 376 (Bankr. S.D.N.Y. 2010) ("with regards to matters central to the bankruptcy, even the presence of conflicts counsel does not make the retention appropriate"). Thus, in *Project Orange*, the bankruptcy court disqualified debtor's proposed counsel on the grounds that it represented a litigation adversary of the debtors on matters that were unrelated to the bankruptcy, notwithstanding the fact that the parties had entered into a settlement stipulation that was awaiting approval by the court. Here, the conflict is arguably even stronger: Kirkland's work for 3M is not on unrelated matters but pertains to the same tort litigation that precipitated these chapter 11 cases; moreover, the principal matters in which Kirkland's independence would be compromised—the enforcement of the Funding Agreement and the negotiation of 3M's contribution to the plans—are central to the resolution of these cases and have not yet been litigated or settled. Because these bankruptcy cases were admittedly filed for the express purpose of freeing 3M from its tort liability, 3M's interests will be impacted by virtually every matter that arises in these cases, and it does not appear to be feasible to confine Kirkland's services to matters not involving 3M. Accordingly, approval of Kirkland's retention under these circumstances is inappropriate, regardless of the presence of conflicts counsel.

For the foregoing reasons, Kirkland falls squarely within the statutory prohibition against the employment of debtor professionals who "represent an

12

interest adverse to the estate" under section 327(a) of the Bankruptcy Code, and the Debtors' application to retain Kirkland must therefore be denied.

The U.S. Trustee reserves any and all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter, substitute, or modify this Objection, file a Motion, or seek any other relief deemed appropriate and necessary and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that the Court deny the Application at this time and grant such other and further relief that is deemed just and equitable.

<div style="margin-left: 50%;">

Respectfully submitted,

NANCY J. GARGULA,
UNITED STATES TRUSTEE

By: /s/ Harrison E. Strauss
Harrison E. Strauss
Trial Attorney
Office of the United States Trustee
Birch Bayh Federal Bldg. and
United States Courthouse
46 E. Ohio St., Room 520
Indianapolis, IN 46204
Phone: (317) 226-6101
Fax: (317) 226-6356
Harrison.Strauss@usdoj.gov

</div>

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.

David Agay dagay@mcdonaldhopkins.com

John Joseph Allman jallman@hbkfirm.com, dadams@hbkfirm.com

Michael Andolina mandolina@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com

Adam Arceneaux adam.arceneaux@icemiller.com, michelle.mosgrove@icemiller.com

Bryan F. Aylstock baylstock@awkolaw.com

Laura Elizabeth Baccash laura.baccash@whitecase.com

Kevin W Barrett kbarrett@baileyglasser.com, jkittinger@baileyglasser.com

Ashley Barriere ashley.barriere@kellerpostman.com

Brent Barriere bbarriere@fishmanhaygood.com, kfritscher@fishmanhaygood.com, dbush@fishmanhaygood.com

Nicole Berg ncb@kellerpostman.com

David Bernick david.bernick@kirkland.com

Karen Hope Beyea-Schroeder kschroeder@junell-law.com

John Bougiamas jbougiamas@otterbourg.com, mcyganowski@otterbourg.com, jfeeney@otterbourg.com, jhilderbrandt@otterbourg.com, asilverstein@otterbourg.com

Bobby Jene Bradford, Jr. bradfordservice@awkolaw.com

Kayla D. Britton kayla.britton@faegredrinker.com, noticeFRindy@faegrebd.com

Harvey Brown, II harvey.brown@lanierlawfirm.com

David R. Buchanan dbuchanan@seegerweiss.com

Jason Walker Burge jburge@fishmanhaygood.com

Maggie B. Burrus mburrus@baileyglasser.com

Lisa Nathanson Busch lbusch@weitzlux.com

Deborah Caruso dcaruso@rubin-levin.net, dwright@rubin-levin.net;cgilly@rubin-levin.net, atty_dcaruso@bluestylus.com

Cathrine M. Castaldi ccastaldi@brownrudnick.com

Joanna Diane Caytas joannacaytas@quinnemanuel.com

Clayton A Clark cclark@triallawfirm.com

Leo T. Crowley leo.crowley@pillsburylaw.com, nydocket@pillsburylaw.com

Melanie Louise Cyganowski mcyganowski@otterbourg.com

Kevin M Davis kdavis@capdale.com, cecilia-guerrero-caplin-6140@ecf.pacerpro.com

Tabitha De Paulo tabitha.depaulo@kirkland.com

Justine Delaney jdelaney@weitzlux.com

Laura A. DuVall Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov

Frank Dylewski frank.dylewski@kellerpostman.com

Derek Wayne Edwards derek.edwards@wallerlaw.com, chris.cronk@wallerlaw.com, bk@wallerlaw.com, nancy.easterling@wallerlaw.com, tapdocketingclerk-nash@wallerlaw.com

Randi Ellis randi@randiellis.com

Phillip Fajgenbaum phillipfajgenbaum@parkerpoe.com

Jennifer S. Feeney jfenney@otterbourg.com, mmaizel@otterbourg.com

Kiah T Ford, IV chipford@parkerpoe.com

Joshua A. Gadharf jgadharf@mcdonaldhopkins.com

Emily Geier emily.geier@kirkland.com

Johnny Givens johnny@givens-law.com, jeanreid@givens-law.com

Brian A. Glasser bglasser@baileyglasser.com

Eric Goodman egoodman@brownrudnick.com

Gregory Mark Gordon gmgordon@jonesday.com

Paul M. Green pmgreen@jonesday.com

Sasha M. Gurvitz sgurvitz@ktbslaw.com

Samuel P. Hershey shershey@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com

Curt Derek Hochbein curt.hochbein@mbcblaw.com, kelly.paberzs@mbcblaw.com

Jennifer M. Hoekstra jhoekstra@awkolaw.com

Jeffrey A. Hokanson jeff.hokanson@icemiller.com, bgnotices@icemiller.com, david.young@icemiller.com

David Horowitz dhorowitz@kirkland.com

Matthew Steven Hosen matthosen@quinnemanuel.com

John R. Humphrey jhumphrey@taftlaw.com, aolave@taftlaw.com

Amanda Hunt amanda.hunt@kellerpostman.com

Derek Hunter derek.hunter@kirkland.com

Chad Husnick chusnick@kirkland.com

Shelley Van Natter Hutson shutson@triallawfirm.com

Jay Jaffe jay.jaffe@faegredrinker.com, noticeFRindy@faegrebd.com

Ashley J. Jericho ajericho@mcdonaldhopkins.com

Jeffrey L. Jonas jjonas@brownrudnick.com

Ashley Keller ack@kellerpostman.com

16

Max Kelly mkelly@seegerweiss.com

Jessica Lauria jessica.lauria@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com

Martha R. Lehman mlehman@smithamundsen.com, marthalehman87@gmail.com, ispells@salawus.com, lengle@salawus.com

Deborah K. Levy dlevy@junell-law.com

Matthew Evan Linder mlinder@whitecase.com, mco@whitecase.com, jdisanti@whitecase.com

Elizabeth Marie Little elizabeth.little@faegredrinker.com, noticeFRindy@faegredrinker.com, anita.sery@faegredrinker.com, docketgeneral@faegredrinker.com, beth.olivere@faegredrinker.com

Kevin C. Maclay kmaclay@capdale.com, cecilia-guerrero-caplin-6140@ecf.pacerpro.com

Michael R. Maizel mmaizel@otterbourg.com

Tristan Manthey tmanthey@fishmanhaygood.com, kfritscher@fishmanhaygood.com, dbush@fishmanhaygood.com

Nir Maoz nmaoz@ktbslaw.com

Harmony A. Mappes harmony.mappes@faegredrinker.com, kristina.tinsley@faegrebd.com

Micah E. Marcus mmarcus@mcdonaldhopkins.com

Michael B. Martin mmartin@martinwaltonlaw.com

D. Todd Mathews tmathews@baileyglasser.com

Kevin Dale McCullough kdm@romclaw.com, emoon@romclaw.com, zlevick@romclaw.com

Mark McKane mark.mckane@kirkland.com

Eric John McKeown eric.mckeown@icemiller.com

Pauline McTernan pmcternan@otterbourg.com

David Molton dmolton@brownrudnick.com, hcohen@brownrudnick.com

Ronald J. Moore Ronald.Moore@usdoj.gov

William Michael Moreland MMoreland@triallawfirm.com

Joseph Scott Nabers snabers@naberslaw.com, kathy@naberslaw.com, mtorres@naberslaw.com

Cherie Nobles cnobles@fishmanhaygood.com, kfritscher@fishmanhaygood.com

Weston Erick Overturf wes@ofattorneys.com, deidre@ofattorneys.com, overturf.westonb115224@notify.bestcase.com

Richard Paul, III Rick@PaulLLP.com, Kendra@PaulLLP.com

Robert J Pfister rpfister@ktbslaw.com

Todd E. Phillips tphillips@capdale.com, cecilia-guerrero-caplin-6140@ecf.pacerpro.com

Mark P. Robinson, Jr. mrobinson@robinsonfirm.com

Michael Richard Rochelle buzz.rochelle@romclaw.com

Brenton Rogers brogers@kirkland.com

Syed Ali Saeed ali@sllawfirm.com, betty@sllawfirm.com

Edward Sassower esassower@kirkland.com

Ashlea Schwarz ashlea@paulllp.com, Michaela@PaulLLP.com

Christopher A. Seeger cseeger@seegerweiss.com

Caleb Seeley cseeley@seegerweiss.com

David L. Selby, II dselby@baileyglasser.com

Raymond C Silverman rsilverman@yourlawyer.com

Adam C. Silverstein asilverstein@otterbourg.com, awilliams@otterbourg.com, JHildebrandt@otterbourg.com

Connor Skelly connor.skelly@icemiller.com

Dania Slim dania.slim@pillsburylaw.com

Renee D. Smith rdsmith@kirkland.com

Gregory Starner gstarner@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com

Claire Stephens claire.stephens@kirkland.com

Ariella Thal Simonds asimonds@ktbslaw.com

Meredith R. Theisen mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com, mralph@rubin-levin.net, cgilly@rubin-levin.net

H. Victor Thomas vic.thomas@lanierlawfirm.com

Shannon Thomas sthomas@romclaw.com

McClain Thompson mcclain.thompson@kirkland.com

Patricia B. Tomasco pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com, joannacaytas@quinnemanuel.com, ericwinston@quinnemanuel.com, matthosen@quinnemanuel.com, adamwolfson@quinnemanuel.com

Andrea Kochert Townsend atownsend@psrb.com, tjohnson@psrb.com

Sean Patrick Tracey stracey@traceylawfirm.com, 3M@traceylawfirm.com

Michael L. Tuchin mtuchin@ktbslaw.com

Anne Gilbert Wallice anne.wallice@kirkland.com

Nick Wasdin nick.wasdin@kirkland.com

Perry Weitz pw@weitzlux.com

Mark R. Wenzel Mwenzel@smithamundsen.com, ispells@smithamundsen.com

Michael S. Winograd mwinograd@brownrudnick.com

Eric Winston ericwinston@quinnemanuel.com

Spencer Winters spencer.winters@kirkland.com

Justin G. Witkin jwitkin@awkolaw.com

Adam Wolfson adamwolfson@quinnemanuel.com

Robert C Yan ryan@otterbourg.com

     I further certify that on October 20, 2022, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid and properly addressed to the following:

None.

                                         /s/ Harrison E. Strauss
                                         Harrison E. Strauss, Trial Attorney