## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AEARO TECHNOLOGIES LLC, et al.,[1] | ) ) ) | Case No. 22-02890-11-JJG-11 |
| Debtors. | ) ) ) | (Jointly Administered) |

**LIMITED OBJECTION OF OFFICIAL RESPIRATOR COMMITTEE TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND AND ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTOR AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 26, 2022 [DKT. NO. 300]**

The Official Committee of Unsecured Creditors for Tort Claimants – Related to Use of Respirators (the "Respirator Committee") hereby submits this Limited Objection (the "Limited Objection") to *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 26, 2022* (the "Application") [Dkt. No. 300], filed on August 9, 2022, and in support thereof would respectfully show the Court as follows:

### Background

1. Contemporaneously with the Application, the Debtors filed their *Application for Entry of an Order Authorizing the Employment and Retention of McDonald Hopkins LLC as Special Counsel Effective as of the Petition Date* ("McDonald Application") [Dkt. No. 301] requesting authority to employ the firm of McDonald Hopkins to advise the Disinterested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 7]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

**Limited Objection of Official Respirator Committee**                                                                 **1**

Directors, as that term is defined in the McDonald Application, on "(a) the tasks of reviewing, negotiating, evaluating, and approving a strategic transaction or a series of strategic transactions (each a "Transaction"); and (b) certain rights, authority and powers in connection with matters pertaining to a Transaction or any chapter 11 proceeding in which a conflict of interests exists or is reasonably likely to exist between the Debtors and any related party (the "Conflict Matters"). Following a hearing on October 12, 2022, the Court entered an order granting the McDonald Application and authorizing the Debtors to retain McDonald Hopkins to advise the Disinterested Directors on Conflict Matters [Dkt. 680].

2.      Thereafter, on October 20, 2022, the United States Trustee (the "UST") filed its objection to the Debtors' employment of proposed counsel Kirkland & Ellis, LLP and Kirkland & Ellis International LP (the "UST Objection") [Dkt. No. 695]. The UST Objection remains pending before the Court and is set for hearing at the omnibus proceeding on November 9, 2022.

## ARGUMENT

3.      The Respirator Committee submits this Limited Objection to the Debtors' Application to acknowledge the "elephant in the room," while also squarely addressing the unique realities of this bankruptcy case.

4.      At the outset, the Respirator Committee acknowledges that the UST Objection accurately describes the issues plaguing the Debtors' employment of its proposed counsel. Based on the disclosures in the Application and various declarations in support thereof, Kirkland is clearly not "disinterested" within the meaning of section 101(14) of the Bankruptcy Code. Nevertheless, the Respirator Committee submits that the inter-company relationships underlying these cases dictate that approving the Application is in the best interest of all creditors.

5.      As stated in the UST's Objection, Kirkland's concurrent role as lead litigation

**Limited Objection of Official Respirator Committee**                                              2

counsel to both the Debtors and 3M Company ("3M"), the Debtors' parent, in the non-bankruptcy tort litigation that precipitated these bankruptcy cases represents a conflict of interest that renders Kirkland not "disinterested" as required under section 327(a) of the Bankruptcy Code. The UST further asserts that Kirkland cannot remedy this deficiency in its qualifications to be employed by the Debtors by referring certain matters to the Debtors' proposed conflict counsel.  Accordingly, the UST concludes the Application must be denied.

6. Despite this clear conflict of interest, the Respirator Committee disagrees with the UST's conclusion that Kirkland should be removed. While new, independent counsel unrelated to 3M might offer creditors some benefits, under the particular circumstances the drawbacks outweigh them.

7. Whether the requirements of section 327 of the Bankruptcy Code have been met is a fact specific determination that rests within the sound discretion of the bankruptcy court and must be made on a case-by-case basis. *In re Caesars Entertainment Operating Co., Inc.*, 561 B.R. 420, 431 (Bankr. N.D. Ill. 2015).  Moreover, it is a well-established rule that the determination of disinterestedness is not one that is subject to bright-line rules. *Id. See also,* In *re American Printers & Lithographers, Inc.*, 148 B.R. 862, 866 (Bankr. N.D. Ill. 1922). In a large chapter 11 case it may be improper to disqualify competent counsel who may have a conflict when such representation may be cost-effective for the estate and not materially hurt the interest of the creditors so long as proposed counsel does not attempt to divert assets from one debtor to another to prejudice an objecting creditor. *In re Raymond Professional Group, Inc.* 421 B.R. 891, 902-03 (Bankr. N.D. Ill. 2009).

8. First, the Debtors' proposed counsel has both acknowledged and disclosed the potential conflict of interest in this case.  In order to mitigate against such potential conflict, the

Debtors have proposed that conflict counsel be employed to advise the Debtors in all instances where a potential conflict may arise.

9. Second, the reality of these bankruptcy cases is that 3M is the real party in interest. 3M's liabilities far outweigh those of Debtors, and it's clear that Debtors are the junior partners in this enterprise. Relative to 3M, the Debtors are small companies with no real ability to fund a successful plan of reorganization. The lion's share of money to fund a successful plan *must* come from 3M. In fact, the Debtors have been transparent from the outset that any plan will be funded by 3M.

10. Indeed, 3M has already dedicated $240 million to fund the administrative expenses of these bankruptcy cases and has dedicated at least $1 billion to fund a potential plan; however, there is no cap on the amount 3M would be required to pay under the terms of the Funding Agreement. Although it is unlikely 3M intended to agree to fund any plan that does not resolve its own liabilities, that is what it agreed to under the terms of the Funding Agreement.

11. While there is the danger that 3M's interests will be favored over those of creditors, the Respirator Committee submits that with proper use of McDonald Hopkins to advise the Debtors on Conflict Matters, such danger is both mitigated and significantly outweighed by the time and resources lost – and diminishing chances at successfully negotiating a plan – if the Application is denied.

12. Simply put, the failure to confirm a plan in these cases could result in conversion to chapter 7 or dismissal, jeopardizing any significant return for creditors, and the likelihood of failure increases dramatically if Kirkland is not employed. Denying the Application and removing Kirkland will effectively remove counsel that 3M and the Debtors trust.

13. Any new counsel would have a steep learning curve and may not enjoy the same relationship with 3M, rendering effective advocacy for creditors difficult. Conversely, McDonald Hopkins has already been approved as conflicts counsel by the Debtors on the advice and with the support of Kirkland.

14. However, when McDonald Hopkins will be utilized as conflicts counsel is vague and ambiguous and any order authorizing the employment of Kirkland should further clarify what constitutes a Conflict Matter.

15. Furthermore, as a result of the Funding Agreement, any potential new counsel would need to go through Kirkland to communicate with 3M, leaving 3M further from the center of decision-making, even where a conflict does not exist. Approval of the Application simply removes the "middleman" and the inefficiencies that accompany same.

16. Whether or not the Application is approved, Kirkland will inevitably be heavily involved in these cases. Thus far, the Respirator Committee has found Kirkland to be diligent, responsive, and straightforward. It would expect Kirkland to continue to so operate, and to take its fiduciary duties seriously. Kirkland is undoubtedly aware, based upon the objections to its employment, that it will be closely scrutinized by all parties in interest and the Court.

17. If the Application is denied and new counsel installed, there will be no question about separateness and disinterestedness. Such new counsel will be aware of the need for independence from 3M and can be expected to preserve it. Debtors would have an independent advocate, but no guarantee that its position would carry significant weight with 3M – the ultimate decision maker. The biggest danger of denying the Application is that 3M and Debtors may not be able to come to an agreement regarding the terms of a plan, leading to conversion or dismissal.

18. Simply put, there is no easy answer here. Both denial and granting of the Application come with clear risk.

19. While the Respirator Committee generally supports Kirkland's employment, the Court should make clear in any order authorizing Kirkland's employment which matters/issues must be delegated to McDonald Hopkins to represent the Debtors, the process for ensuring that Kirkland is insulated from any communication, documents and information transferred between McDonald Hopkins and the Debtors on Conflict Matters, and that there will be strict scrutiny of all critical decisions purporting to resolve the conflicting interests of Debtors and 3M.

20. Kirkland has set itself a high bar, and many parties will be carefully watching its actions. Kirkland surely understands that failure to perform its fiduciary duties to Debtors could result in denial of its fees and potential liability. Notwithstanding, the Respirator Committee thinks the benefits of giving Kirkland's proposed structure a chance to work outweigh the inherent risks.

WHEREFORE, the Respirator Committee hereby submits its Limited Objection to the Application.[2]

Dated: November 2, 2022.

---

[2] The Respirator Committee specifically reserves the right to further object to the Application at the hearing thereon, to be conducted on November 9, 2022.

Respectfully submitted by:

/s/ *Michael R. Rochelle*
Michael R. Rochelle (Admitted *Pro Hac Vice*)
Kevin D. McCullough (Admitted *Pro Hac Vice*)
Shannon S. Thomas (Admitted *Pro Hac Vice*)
Rochelle McCullough, LLP
325 North Saint Paul St., Suite 4500
Dallas, Texas 75201
Telephone: (214) 580-2525
Facsimile: (888) 467-5979
Email: buzz.rochelle@romclaw.com
Email: kdm@romclaw.com
Email: sthomas@romclaw.com

PROPOSED BANKRUPTCY COUNSEL FOR
THE RESPIRATOR COMMITTEE

Curt D. Hochbein
Mattingly Burke Cohen & Biederman LLP
155 E. Market St., Suite 400
Indianapolis, IN 46204
Phone: (317) 759-5035
Email: curt.hochbein@mbcblaw.com

PROPOSED INDIANA COUNSEL FOR
THE RESPIRATOR COMMITTEE

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2022, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties through the Court's Electronic Case Filing System, which includes all parties in the Core Group other than those listed below. Parties may access this filing through the Court's system.

      I further certify that on November 2, 2022 a true and correct copy of the foregoing was either mailed by first-class U.S. mail, postage prepaid, or electronic mail as indicated and properly addressed to the following remaining parties in the Core Group:

**United States Department of Defense**
Attn: Robert Wald
United States Army Legal Services Agency
Gunston Road 9275
Fort Belvoir, VA 22060

**United States Department of Veterans Affairs**
Attn: Shaquana L. Cooper
Information & Administrative Law Group 810
Vermont Avenue, NW, 11th Floor
Washington, DC 20420

                              */s/ Curt D. Hochbein*
                              Curt D. Hochbein