# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION TO LIFT THE AUTOMATIC
## STAY SOLELY TO THE EXTENT NECESSARY TO PERMIT
## MR. HOSETTE TO DISMISS HIS CASE AGAINST THE DEBTORS WITH PREJUDICE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), lifting the automatic stay as to the Debtors for the sole purpose of allowing the stipulated dismissal of the Hosette Case (as defined below) with prejudice.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, entered by the Court for each consolidated Debtor [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is:  7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] The facts and circumstances leading up to the filing of these chapter 11 cases are set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 11], filed on July 26, 2022.  Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules B-4001-1(a) and B-9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

**Motion Background**

5. The Debtors file this Motion in order to lift the automatic stay solely to the extent necessary to permit the Debtors, non-Debtor 3M Company ("3M"), and Dennis Hosette ("Mr. Hosette") to enter into a stipulation before a Minnesota state court to dismiss his pending litigation in Hennepin County, Minnesota under Civil Action No. 27-cv-21-03826 (the "Hosette Case") with prejudice as to the Debtors and 3M.

6. Mr. Hosette commenced the Hosette Case on April 1, 2021, naming Aearo Technologies LLC and non-Debtor 3M as defendants.

7. Mr. Hosette seeks to dismiss the Hosette Case against Aearo Technologies LLC and non-Debtor 3M with prejudice.

8. In light of the fact that the relief sought by this Motion would enable the Debtors and other stakeholders to consensually resolve certain claims, and that the Debtors have consented to the relief requested, the Debtors respectfully request that the Court enter the Order, lifting the

2

automatic stay solely to the extent necessary to allow the Debtors, 3M, and Mr. Hosette to agree to a stipulated dismissal with prejudice of the Hosette Case, without a hearing. The Debtors further request that the Court waive any stay of this order so that it becomes immediately effective upon entry.

## Basis for Relief

9. Section 362(d) of the Bankruptcy Code provides that "the court shall grant relief from the stay . . . for cause." Accordingly, the Bankruptcy Code requires courts to lift the stay where, among other situations, cause exists. *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 208 (3d Cir. 1995). The word "cause" is not defined in the Bankruptcy Code, and its meaning has been developed by the courts on a case-by-case basis. *In re Veit*, 227 B.R. 873, 874 (Bankr. S.D. Ind. 1998) (citing *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991)).

10. In *Fernstrom*, the following factors were considered in evaluating whether "cause" exists: (a) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, (b) whether the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and (c) whether the creditor has a probability of prevailing on the merits. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (citing *In re Pro Football Weekly,* 60 B.R. 824, 826 (N.D. Ill. 1986)) (internal quotation omitted). Where the debtor is the movant seeking relief from the stay, however, courts in the Seventh Circuit have looked beyond the three factors detailed in *Fernstrom*. *See In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 (Bankr. C.D. Ill. Sept. 3, 2014).

11. Such courts have utilized the widely adopted "*Curtis*" factors (from *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)) to evaluate whether "cause" exists to lift the automatic stay in order to continue proceedings in another court. *See In re Eiseman, slip copy,* 2013 WL 139262, at *1 (Bankr. E.D. Wis. 2013); *In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 (Bankr.

C.D. Ill. Sept. 3, 2014) (citing *In re Grogg,* 295 B.R. 297, n.6 (Bankr. C.D. Ill. 2003) (listing the *Curtis* (or *"Sonnax"*) factors)). The *Curtis* factors include:

(1) Whether the relief will result in a partial or complete resolution of the issues.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the foreign proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the balance of harms

*In re Eiseman,* slip copy, 2013 WL 139262, at *1 (Bankr. E.D. Wis. 2013) (citing *In re Sonnax Industries, Inc.,* 907 F.2d 1280 (2d Cir. 1990)).

12. The *Curtis* factors do not each warrant consideration in every case. *In re Busch*, 294 B.R. 137, 141 (10th Cir. B.A.P. 2003). Whether "cause" exists for relief from the automatic stay is a discretionary matter for the Court to consider and should be decided on a case-by-case basis. *Id.* at 140.

13. Here, the applicable factors all weigh in favor of lifting the stay with respect to the Hosette Case. **First**, the relief sought here would fully and finally resolve the claims against the two defendants in the Hosette Case—Debtor Aearo Technologies LLC and non-Debtor 3M. **Second**, dismissal of the Hosette Case with prejudice will reduce the liability of the estates by eliminating a claim against the estates and non-Debtor 3M, for which the Debtors may have an indemnification obligation. **Third**, there would be no prejudice to other creditors by allowing dismissal with prejudice of a pending claim, which claim could otherwise compete for estate resources. **Fourth**, the interest of judicial economy and the expeditious and economical determination of litigation for the parties weigh strongly in favor of lifting the stay as requested in this Motion. Absent such relief, Mr. Hosette will be unable to dismiss the Hosette Case with prejudice, which will result in an unnecessary drain on estate resources. Accordingly, the Debtors respectfully request the Court enter the Order.

## Notice

14. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee, Attn: Harrison Strauss; (b) co-counsel to the CAE Committee; (c) the Respirator Committee; (d) counsel for non-Debtor 3M Company; (e) the United States Attorney's Office for the Southern District of Indiana; (f) the Internal Revenue Service; (g) the office of the attorneys general for the states in which the Debtors operate

or face Tort Claims;[3] (a) the United States Department of Veterans Affairs; (b) the United States Department of Defense; (c) the Securities and Exchange Commission; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

---

[3] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File One List of the Top Law Firms Representing the Largest Numbers of Tort Plaintiffs Asserting Claims Against the Debtors, (II) Authorizing the Debtors to File One Consolidated Creditor Matrix, (III) Authorizing the Listing of Addresses of Counsel for Tort Claimants in the Creditor Matrix in Lieu of Claimants' Addresses, (IV) Authorizing the Debtors to Redact Personally Identifiable Information, (V) Approving Certain Notice Procedures for Tort Claimants, (VI) Approving the Form and Manner of Notice of the Commencement of these Chapter 11 Cases, and (VII) Granting Related Relief*, filed on July 26, 2022 [Docket No. 17].

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Indianapolis, Indiana
Dated:  March 1, 2023

*/s/ Jeffrey A. Hokanson*

| | |
|---|---|
| **ICE MILLER LLP** | **KIRKLAND & ELLIS LLP** |
| Jeffrey A. Hokanson (Ind. Atty. No. 14579-49) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Connor Skelly (Ind. Atty. No. 35365-06) (admitted *pro hac vice*) | Edward O. Sassower, P.C. (admitted *pro hac vice*) |
| One American Square, Suite 2900 | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| Indianapolis, Indiana 46282-0200 | Derek I. Hunter (admitted *pro hac vice*) |
| Telephone:  (317) 236-2100 | 601 Lexington Avenue |
| Facsimile:   (317) 236-2219 | New York, New York 10022 |
| Email:  Jeff.Hokanson@icemiller.com | Telephone:  (212) 446-4800 |
|          Connor.Skelly@icemiller.com | Facsimile:   (212) 446-4900 |
| | Email:  edward.sassower@kirkland.com |
| *Co-Counsel to the Debtors* | emily.geier@kirkland.com |
| *and Debtors in Possession* | derek.hunter@kirkland.com |

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Spencer A. Winters (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200
Email:  chad.husnick@kirkland.com
        spencer.winters@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*