## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | Case No. 22-02890-JJG-11 |
| Debtors. | Jointly Administered |

**CAE COMMITTEE'S MOTION TO CONTINUE HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING (A) CLAIM FORMS AND PROCEDURES FOR FILING PROOFS OF CLAIM, (B) FORM AND MANNER OF NOTICE OF BAR DATES, AND (C) CONFIDENTIALITY PROCEDURES; AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors for Tort Claimants – Related to Use of Combat Arms Version 2 Earplugs (the "CAE Committee")[2] requests entry of an order continuing the hearing on the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for filing Proofs of Claim, (II) Approving (A) Claim Forms and Procedures for Filing Proofs of Claim, (B) Form and Manner of Notice of Bar Dates, and (C) Confidentiality Procedures; and (III) Granting Related Relief* [Dkt. No. 887] (the "Bar Date Motion")[3] filed by the debtors and debtors in possession (collectively, the "Debtors") and extending the deadline for parties in these cases to object to the Bar Date Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, entered by the Court for each consolidated Debtor [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is 7911 Zionsville Road, Indianapolis, Indiana 46268.

[2] On August 30, 2022, the Office of the United States Trustee appointed the CAE Committee [Docket No. 393].

[3] Capitalized terms used but not defined herein have the meanings given to them in the Bar Date Motion.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of Indiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule B-5071-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules").

## Background

4.      On December 6, 2022, the Debtors filed the Bar Date Motion, which seeks entry of an order establishing certain bar dates for filing of proofs of claim and procedures related thereto.

5.      On December 7, 2022, this Court scheduled a status conference for December 14, 2022 with respect to the Bar Date Motion.  On Motion of the Debtors, the Court subsequently entered an *Order Granting Debtors' Motion to Vacate Status Conference and Schedule Hearing on Debtors' Motion for Entry of an Order (I) Setting Bar Dates for filing Proofs of Claim, (II) Approving (A) Claim Forms and Procedures for Filing Proofs of Claim, (B) Form and Manner of Notice of Bar Dates, and (C) Confidentiality Procedures; and (III) Granting Related Relief*, scheduling a hearing on the Bar Date Motion (the "Bar Date Hearing") for January 11, 2023. [Dkt. No. 914].  There have been subsequent consensual adjournments of the Bar Date Hearing, which is currently scheduled for March 22, 2023. *See* Dkt. Nos. 928, 978 and 1101.  Objections to the Bar Date Motion are due on March 15, 2023.  [Dkt. No. 1101].

6.      Following the filing of the Bar Date Motion, on February 2, 2023, the CAE
Committee and multiple other law firms representing CAE claimants, filed a *Joint Motion to
Dismiss the Case* (the "CAE Motion to Dismiss"). [Dkt. No. 1066].[4]  The Court scheduled a Status
Conference on the CAE Motion to Dismiss Case for February 13, 2023.  [Dkt. No. 1074].  At the
Status Conference on the Motion to Dismiss, the Court found that "compelling circumstances
prevent [the Court] from meeting the timeframe in 11 U.S.C. [§] 1112(b)(3)" and scheduled a
hearing on the CAE Motion to Dismiss for April 19-21, 2023.  *See Minute Entry*, dated February
14, 2023 [Dkt. No. 1083].  These hearing dates are now reflected in the consensual *Scheduling
Order* entered on February 28, 2023. [Dkt. No. 1215].  As permitted by the Court, on February 24,
2023, the Office of the United States Trustee and the Official Committee of Unsecured Creditors
for Tort Claimants – Related to Use of Respirators filed their own Motions to Dismiss.[5]  *See* Dkt.
Nos. 1184, 1197 and  1198 (collectively with the CAE Motion to Dismiss, the "Motions to
Dismiss").

### Requested Relief

7.      The CAE Committee requests entry of an order (i) continuing the Bar Date Hearing
until no earlier than the next omnibus hearing date following this Court's decision on the Motions
to Dismiss, which is currently scheduled for May 10, 2023 and (ii) extending the objection deadline
for all parties until a date that is seven (7) days prior to the continued Bar Date Hearing, with
replies due three (3) days prior to the continued Bar Date Hearing.

---

[4]   A corrected Joint Motion to Dismiss the Case was filed on February 3, 2023.  [Dkt. No. 1068].

[5]   The Respirator Committee is seeking the appointment of a Chapter 11 Trustee or, in the alternative, to dismiss the
cases.  [Dkt. No. 1197].

**<u>Basis for Relief</u>**

8.      Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b) authorizes a court to enlarge the time periods within which certain actions must be taken, and states, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b).

9.      Paragraph 17(d) of the *Notice, Case Management, and Administrative Procedures* appended as Exhibit 1 to the *Amended Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* ("<u>Amended Case Management Procedures</u>") [Docket No. 607] provides that nothing in the Amended Case Management Procedures "shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006."

10.      Pursuant to Local Rule B-5071-1, the CAE Committee sought the consent of the Debtors to the continuance.  As of the time of filing this Motion, the Debtors have not responded to the CAE's counsel.  The CAE Committee also reached out to the Respirator Committee and Quinn Emanuel Urquhart & Sullivan, LLP, which represents over 132,000 MDL plaintiffs asserting claims related to use of combat earplugs, and both consent to the relief requested herein.

11.     Good cause exists here to continue the Bar Date Hearing.  Due to "compelling circumstances" the three-day hearing to consider the Motions to Dismiss could not be scheduled before April 19, 2023.  The outcome of the Motions to Dismiss will determine whether these cases proceed or if, per the Respirator Committee motion, they continue, but with a Chapter 11 Trustee at the helm.  Until such fundamental issue is determined, it makes little sense to have a contested hearing on the establishment of procedures for the filing of proofs of claim, which hearing may ultimately be unnecessary.  In the event that the Court permits the Debtors to notice a bar date and require the filing of proofs of claim,[6] only to later determine that the cases should be dismissed, this would cause significant confusion among the creditors, incur unnecessary administrative expenses in litigating the necessity and scope of a bar date in this case, and burden hundreds of thousands of claimants, who have already made their claims known in the MDL or in other courts.

12.     Moreover, all parties in these cases are actively preparing for the hearing on the Motions to Dismiss.  A scheduling order was entered on February 28, 2023 [Dkt. No.1215], which provides, in addition to objection and response deadlines (March 17, 2023 and April 5, 2023, respectively), an aggressive discovery schedule commencing on March 2, 2023 (the deadline to serve written discovery).  While the parties have counsel capable of addressing both the Bar Date Motion and the Motions to Dismiss simultaneously, it is unnecessary to divert attention from the Motions to Dismiss while the parties prepare for the Bar Date Hearing, which will be a contested hearing.  This is particularly true when the outcome of the hearing on the Motions to Dismiss may moot the Bar Date Motion in its entirety.

---

[6]   The CAE Committee reserves all rights to argue that a bar date is unnecessary at all in these cases, even if they are to continue.

13. Finally, the Debtors will not be harmed by a continuance. The hearing on the Motions to Dismiss is scheduled to commence approximately one month after the current date for the Bar Date Hearing. Pursuant to section 1112(b)(3) of the Bankruptcy Code, absent compelling circumstances preventing the Court from issuing its ruling, the Court will be issuing its decision within fifteen (15) days of commencement of the hearing. The next omnibus hearing date following the dates scheduled for a hearing on the Motions to Dismiss is currently set for May 10, 2023. [7] Because the May 10 hearing date falls almost immediately after the statutory deadline for a decision on the Motions to Dismiss, a Bar Date Hearing can be scheduled for the May omnibus hearing without causing the Debtors any significant delay in these cases.

**NOTICE**

14. The CAE Committee will provide notice of this motion to the Core Group (as defined in the Amended Case Management Procedures).

15. The CAE Committee further requests given the timing of the Bar Date Hearing and corresponding objection deadline, that this motion be considered by the Court on an expedited basis.

WHEREFORE, the CAE Committee respectfully requests that this Court continue the hearing on the Bar Date Motion until no earlier than the May 10, 2023 omnibus hearing, which will be subsequent to the hearing on the Motions to Dismiss.

[The remainder of this page is intentionally left blank.]

---

[7] If the hearing concludes as scheduled, on April 21, 2023, a decision must be rendered by May 6, 2023 to comply with section 1112(b)(3) of the Bankruptcy Code.

Dated:  March 3, 2023
       Indianapolis, Indiana

Respectfully submitted,

**RUBIN & LEVIN, P.C.**

*/s/ Meredith R. Theisen*
    Meredith R. Theisen

Deborah J. Caruso
Meredith R. Theisen
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
Tel:   (317) 634-0300
Fax:   (317) 263-9411
Email: dcaruso@rubin-levin.net
        mtheisen@rubin-levin.net

*Indiana Counsel for the CAE Committee*

**KTBS LAW LLP**
Michael L. Tuchin (*pro hac vice*)
Robert J. Pfister
Sasha M. Gurvitz (*pro hac vice*)
Nir Maoz (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, CA 90067
Tel:   (310) 407-4000
Fax:   (310) 407-9090

**OTTERBOURG P.C.**
Melanie L. Cyganowski (*pro hac vice*)
Adam C. Silverstein (*pro hac vice*)
Jennifer S. Feeney (*pro hac vice*)
Pauline McTernan (*pro hac vice* to be filed)
230 Park Avenue
New York, NY 10169
Tel:   (212) 661-9100
Fax:   (212) 682-6104

*Co-Lead Counsel for the CAE Committee*

**BROWN RUDNICK LLP**
David J. Molton (*pro hac vice*)
Jeffrey L. Jonas (*pro hac vice*)
Seven Times Square
New York, NY 10036
Tel:   (212) 209-4800
Fax:   (212) 209-4801

*Special Litigation Counsel for the CAE Committee*

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay (*pro hac vice*)
Todd E. Phillips (*pro hac vice*)
Kevin M. Davis (*pro hac vice*)
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel:   (202) 862-5000
Fax:   (202) 429-3301

*Special Mass Tort and Negotiation Counsel for the CAE Committee*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2023 a copy of the foregoing *CAE Committee's Motion to Continue Hearing On Debtors' Motion For Entry Of An Order (I) Setting Bar Dates For Filing Proofs Of Claim, (II) Approving (A) Claim Forms And Procedures For Filing Proofs Of Claim, (B) Form And Manner Of Notice Of Bar Dates, And (C) Confidentiality Procedures; And (III) Granting Related Relief* was filed electronically. Notice of this filing was sent to parties through the Court's Electronic Case Filing System, which includes all parties in the Core Group other than those listed below. Parties may access this filing through the Court's system.

I further certify that on March 3, 2023 a copy of the foregoing *CAE Committee's Motion to Continue Hearing On Debtors' Motion For Entry Of An Order (I) Setting Bar Dates For Filing Proofs Of Claim, (II) Approving (A) Claim Forms And Procedures For Filing Proofs Of Claim, (B) Form And Manner Of Notice Of Bar Dates, And (C) Confidentiality Procedures; And (III) Granting Related Relief* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following remaining parties in the Core Group:

**United States Department of Defense**
Attn: Robert Wald
United States Army Legal Services Agency
Gunston Road 9275
Fort Belvoir, VA 22060

**United States Department of Veterans Affairs**
Attn: Shaquana L. Cooper
Information & Administrative Law Group 810
Vermont Avenue, NW, 11th Floor
Washington, DC 20420

*/s/ Meredith R. Theisen*
Meredith R. Theisen