**SO ORDERED: September 26, 2023.**



Jeffrey J. Graham
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEARO TECHNOLOGIES LLC, *et al.*,[1] | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING FOURTH INTERIM
FEE AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR THE (I) INTERIM FEE PERIOD
FROM MAY 1, 2023 THROUGH AND INCLUDING JUNE 9, 2023 AND THE (II) FINAL
FEE PERIOD FROM JULY 26, 2022 THROUGH AND INCLUDING JUNE 9, 2023**

---

[1] The above-captioned Debtors, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, entered by the Court for each consolidated Debtor [Docket Nos. 37–42]. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

Upon the *Fourth Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from May 1, 2023 Through and Including June 9, 2023 and the (II) Final Fee Period from July 26, 2022 Through and Including June 9, 2023* [Docket No. 1832] (the "Application")[2] filed by Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("Kirkland"), attorneys for the above-captioned former debtors and debtors in possession (the "Debtors"); and this Court having previously authorized the employment of Kirkland in the Debtors' cases; and it appearing that all of the requirements of sections 327, 328, 330, and 331 of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure and the local rules of this Court have been satisfied; and it further appearing that the fees and expenses incurred were reasonable and necessary; and proper and adequate notice of the Application has been given and that no other or further notice is necessary; and in consideration of the recommendations of the independent fee examiner, Judy Wolf Weiker (the "Fee Examiner"), with respect to the Application as set forth in the *Fourth Report and Recommendations of the Independent Fee Examiner Regarding Final Fee Applications of Professionals* [Docket No. 2016] (the "Report"); and the Fee Examiner having reached a resolution concerning issues raised by the Fee Examiner with Kirkland; and Kirkland having agreed to each of the Fee Examiner's requested reductions; and the Fee Examiner having recommended approval of the Application; and no objections or other responses having been filed

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

with regard to the Application; and the Court having considered the Application and the Report, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Kirkland is hereby granted allowance of compensation and reimbursement of expenses in the amount of $1,510,938.00 in fees for professional services rendered during the period from May 1, 2023, through and including June 9, 2023 (the "Fourth Interim Fee Period") and $172,233.89 as reimbursement for its actual and necessary expenses incurred during the Fourth Interim Fee Period (together, the "Fourth Interim Period Allowed Professional Claim").

3. Kirkland is hereby granted, on a final basis, allowance of compensation and reimbursement of expenses in the amount of $38,996,353.52 in fees for professional services rendered during the period of July 26, 2022 through June 9, 2023 (the "Fee Period") and $1,008,307.57 as reimbursement for its actual and necessary expenses incurred during the Fee Period (together, the "Final Allowed Professional Claim").  For the avoidance of doubt, the Final Allowed Professional Claim is inclusive of the Fourth Interim Period Allowed Professional Claim.

4. The Debtors are hereby authorized and directed to remit to Kirkland the full amount of the Final Allowed Professional Claim less any and all amounts previously paid on account of such fees and expenses.  Without limiting the foregoing, any amounts previously held back with respect to the Fee Period may be released to the extent required for payment of the Final Allowed Professional Claim.

###